THE STATE, EX REL. SERAFIN, *v.* THE INDUSTRIAL COMMISSION OF OHIO ET AL.

406

(No. 6602—Decided April 11, 1961.)

*Messrs. Burgess & Callahan*, for relatrix.
*Mr. Mark McElroy*, attorney general, *Mr. William G. Carpenter* and *Mrs. Mary Spivey Durham*, for respondents.

BRYANT, J. Lucille Serafin, relatrix herein, has brought an original action in this court seeking a writ of procedendo against the Industrial Commission of Ohio and James L. Young, Administrator of the Bureau of Workmen's Compensation, respondents herein, to compel the commission to order Young to hear and determine relatrix's application for additional compensation.

In her petition, relatrix alleges jurisdictional facts to show that she was, on January 5, 1953, an employee of Libby-Owens-Ford Glass Company at Rossford, Ohio, that the company fully complied with the workmen's compensation law and that on said date, while in the course of her employment, she accidentally slipped on some ice, fell to the ground and severely injured the lower part of her back.

She alleges further that for the twelve days following the fall, she was totally disabled and for losses sustained, she applied for and was granted disability benefits; that she returned to work on January 17, 1953, and continued working for the ensuing 20½ months until September 4, 1954, when the "conditions of her back became exacerbated" and she was off duty for three months receiving medical treatment; that she returned

to work on December 6, 1954, applied for and was given an allowance for medical expenses incurred.

She alleges further that after working between December 6, 1954, and February 2, 1955, the trouble in her back returned and she was placed in the hospital for study and treatment; that while in the hospital she suffered a nervous breakdown, the condition being diagnosed as "psychotic" and also as an "acute schizophrenic reaction * * * (back) injury, subsequent disability, necessary medical exams, etc., served as the precipitating events leading to the psychosis."

She alleges further that she was disabled as a result of the nervous breakdown from February 26, 1955, to September 18, 1955, that she filed an application for disability benefits with the administrator under the original number, and that on April 30, 1956, the administrator allowed the claim in an order which reads as follows:

"It is now ordered that instant claim be allowed for emotional breakdown in addition to back injury. That temporary total disability compensation be awarded from February 26, 1955, to September 18, 1955, both dates inclusive; that the medical bills be paid in accordance with the fee schedule. That the application for additional compensation beyond the date of last payment, filed October 24, 1955, be granted to the extent of the above order. (Claimant was paid to February 25, 1955, inclusively.)"

She alleges further that all the payments authorized by the above order were paid to her in full, and that on September 18, 1955, she returned to work for her employer.

She alleges further that her employer filed an appeal from the administrator's order of April 30, 1956, that the company's appeal to the Toledo Regional Board of Review and subsequently to the Industrial Commission, both were rejected, after which on June 19, 1958, the company filed a further appeal with the Common Pleas Court of Wood County, Ohio, and on the date her petition for a writ of procedendo was filed in this court, namely, October 13, 1960, the employer's appeal to the Wood County Common Pleas Court "is presently pending hearing by said court." (Elapsed time [1] in Common Pleas Court "pending hearing," 2 years, 3 months, 24 days; [2] from date of

administrator's order to court appeal, 2 years, 1 month and 10 days, or a total of nearly 4½ years, while as this is being written, the total nears five years.)

She alleges further that on October 31, 1958, she suffered a "recurrence of the acute schizophrenic reaction," which necessitated her confinement in the psychiatric ward of a hospital where the attending psychiatrist diagnosed her condition as "schizophrenic reaction, mixed type, recurrent, chronic, moderate, manifested by withdrawal, depression, confusion, delusions and auditory hallucinations. Industrial injury was the precipitating event in onset of the episode of schizophrenic illness."

She alleges further that on April 13, 1959, she filed her application for disability benefits for the period beginning on and after October 31, 1958, with the administrator, that the matter came on for hearing, but that the administrator, on June 3, 1959, disallowed the application and ordered it dismissed upon the ground that because of the appeal by the company from the order of April 30, 1956, to the Common Pleas Court, the administrator lacked jurisdiction to award additional compensation.

The administrator's order disallowing and dismissing the application is as follows:

"It is now ordered that the application for additional compensation beyond the date of last payment, filed April 13, 1959, be disallowed and dismissed for the reason that the administrator has no jurisdiction to award additional compensation or benefits because of the disability therein alleged pending appeal now on file in the Common Pleas Court of Wood County, Ohio, from the previous allowance of a similar application for the same disability."

She alleges further that she appealed this decision to the Toledo Regional Board of Review which denied her appeal and affirmed the decision of the administrator, and that she then appealed the decision to the Industrial Commission, which on March 31, 1960, denied her appeal and affirmed the order of the regional board.

She concludes her petition by alleging that under Section 4123.519 of the Revised Code, the administrator lacks authority

to disclaim jurisdiction under the circumstances in this case, that the order made was illegal and without authority, and that because of the decisions above referred to, she is without authority to appeal to the Court of Common Pleas and is without any other remedy in the premises except for that sought in this court.

Counsel for the administrator and the Industrial Commission have filed a general demurrer to the petition "for the reason that it [the petition] does not state facts sufficient to constitute a cause of action in procedendo," and it is upon this general demurrer and the briefs of the parties that the matter comes on for consideration at this time.

It is not contended by counsel for respondents that relatrix has chosen the wrong remedy by filing a proceeding in procedendo. On the contrary, counsel for respondents concede that if the contentions of relatrix with reference to the applicability of a recently amended provision of the workmen's compensation law are correct and well-founded, "* * * relatrix is entitled to her writ."

Some light on the propriety of the use of a writ of procedendo in a case such as this may be obtained by an examination of the concurring opinion of Chief Justice Carrington T. Marshall in *State, ex rel. Cezkovsky,* v. *Industrial Commission,* 126 Ohio St., 39, 40, to the effect that in a case in which the Industrial Commission does not definitely and finally pass upon the workman's claim, procedendo is the proper remedy, and Chief Justice Marshall's opinion (p. 40) reads in part as follows:

"If relator's complaint is that the commission does not definitely and finally pass upon his claim and thereby lay the foundation for rehearing and ultimate appeal, it seems to me that he has mistaken his remedy, and that what he should invoke is the jurisdiction of this court for a writ of *procedendo* to compel the commission to enter a final order in the case."

It is noted that the case had been brought in the Supreme Court as an action in mandamus and the actual decision was on a demurrer to portions of the answer of the respondent. See, also, *State, ex rel. Smith,* v. *Smith,* 69 Ohio St., 196, sustaining the use of a writ of mandamus to compel a justice of the peace

to exercise the jurisdiction vested in him in a misdemeanor case. See 41 American Jurisprudence, 958, Procedendo, stating "The term 'procedendo' is frequently used interchangeably with 'mandate' and 'remittitur,'" etc.

We shall proceed on the theory that the form of action is not disputed and shall examine the contentions of opposing parties.

The principal question which is urged is whether the administrator had the legal authority to make the order of June 3, 1959, refusing to pass on relatrix's application filed April 13, 1959. Instead of deciding the validity of the application, which was for additional compensation for total disability for the second nervous breakdown on and after October 31, 1958, the administrator claimed that he lacked the jurisdiction to pass on it, whereupon the administrator ordered the application disallowed and dismissed. He claimed that the appeal of the employer from the order of the administrator made on April 30, 1956, wherein compensation was allowed for "emotional breakdown in addition to back injury" causing total disability in the period between February 26, 1955, to September 18, 1955, deprived him of jurisdiction. This was claimed to be for the further reason that there had been a "previous allowance of a similar application for the same disability," which order was pending in court on appeal.

In respondents' brief in support of their demurrer, it is contended that there are three issues to be decided in this case as follows:

"I. Is the relatrix entitled to consideration of her application for additional compensation filed subsequent to her employer's appeal to a Court of Common Pleas?

"II. On what date did the claimant's cause of action accrue?

"III. Is Section 4123.519, Revised Code, as it relates to payment of compensation pending appeal substantive or procedural legislation?"

In relatrix's brief opposing the demurrer, it is admitted that relatrix's "cause of action arose January 5, 1953, the date she was injured." Relatrix contends further that issue III embraces issue I and that the answer to issue III will decide issue I.

Thus it is that the parties are in virtual agreement that Section 4123.519, *supra*, must provide the answer to the principal question in this case.

Respondents say relatrix in her appearances before respondents has contended that Section 4123.519, *supra*, as amended effective November 2, 1959, in the portion hereinafter quoted is controlling, and reads as follows:

"An appeal from a decision of the commission in which an award of compensation has been made shall not stay the payment of compensation under such award or payment of compensation for subsequent periods of total disability during the pendency of the appeal."

Counsel for respondents then concede, as stated above, that if "the [above] amendment governs, relatrix is entitled to her writ." Respondents' brief then continues:

"However, the respondents believe that the amendment does not apply for the reason that Section 4123.519, Revised Code, as it read at the time of relatrix's injury on January 5, 1953, and at the time her employer filed an appeal to the Court of Common Pleas and at the time the relatrix filed her application for additional compensation read as follows:

" 'An appeal from a decision of the commission in which an award of compensation has been made shall not stay the payment of compensation under such award during the pendency of the appeal.'

"The respondents further believe that the term 'award' as used in the above does not include payment of further periods of compensation subsequent to an appeal to the court."

Reference to the history of Section 4123.519 discloses that neither of the above forms of Section 4123.519, *supra*, was in effect on January 5, 1953, for the reason that the General Code was in effect and Section 1465-90 thereof governed matters of this sort. This latter section was materially different from the present or any earlier form of Section 4123.519, *supra*.

The General Code was succeeded by the Revised Code on October 1, 1953, and the successor to Section 1465-90 of the General Code was Section 4123.51 of the Revised Code, which was repealed at the time of a general revision of the workmen's compensation laws, effective October 5, 1955.

This revision was contained in Amended Substitute House Bill No. 700, enacted by the One Hundred and First General Assembly, and contained in 126 Ohio Laws, 1015, with Section 4123.519, *supra*, in its original form appearing on pages 1026 and 1027.

The opening sentence of this section gave employers the right of appeal for the first time. It read in part as follows:

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas * * *."

The ninth and tenth paragraphs of Section 4123.519 in the form in which originally enacted in 1955, not only provided that the filing of an appeal from a decision of the commission in which an award of compensation has been made should not stay the payment of compensation under such award during the pendency of the appeal, but there is express provision that the foregoing provisions, with others, should apply to all decisions of the commission made on and after the act became effective.

The ninth and tenth paragraphs of Section 4123.519 of the Revised Code, as originally enacted, read as follows:

"*An appeal from a decision of the commission in which an award of compensation has been made shall not stay the payment of compensation under such award during the pendency of the appeal.* In the event payments are made to a claimant which should not have been made under the decision of the appellate court the amount thereof shall be charged to the surplus fund under division (B) of Section 4123.34 of the Revised Code. In the event the employer is a state risk such amount shall not be charged to the employer's experience. In the event the employer is a self-insurer such amount shall be paid to the self-insurer from said surplus fund.

"*The provisions of this section shall apply to all decisions of the commission which are made on and after the date on which this act becomes effective.*" (Emphasis added.)

Section 4123.519, *supra*, was next amended in Amended House Bill No. 795, passed by the One Hundred and Second General Assembly of Ohio, effective September 7, 1957, and set

forth in 127 Ohio Laws, 898, 900 and 901. However, no change was made in the portion of the first sentence, as quoted above or in the other two paragraphs also quoted above.

The workmen's compensation law was given an extensive overhauling in Amended Substitute House Bill No. 470, passed by the One Hundred and Third General Assembly of Ohio, effective November 2, 1959, and contained in 128 Ohio Laws, 743, with Section 4123.519 set forth on pages 753 to 755.

No change was made in the portion of the first sentence above quoted from the 1955 version, but extensive changes were made in the provision above referred to as paragraphs nine and ten of the 1955 form and which become paragraphs ten and eleven in the 1959 version, with a new paragraph twelve added and with a new section near the end of the act, Section 4123.95, requiring liberal construction of the act in favor of "employees and the dependents of deceased employees."

Paragraphs ten, eleven and twelve of Section 4123.519, as amended in 1959, read as follows (New matter indicated by italics):

"An appeal from a decision of the commission in which an award of compensation has been made shall not stay the payment of compensation under such award *or payment of compensation for subsequent periods of total disability* during the pendency of the appeal. In the event payments are made to a claimant which should not have been made under the decision of the appellate court the amount thereof shall be charged to the surplus fund * * *. *All actions and proceedings under this section which are the subject of an appeal to the Court of Common Pleas or the Court of Appeals shall be preferred over all other civil actions except election causes, irrespective of position on the calendar.*

"The provisions of this section shall apply to all decisions of the commission *the administrator or a regional board of review* on the effective date of this act and all claims filed thereafter shall be governed by the provisions of Sections 4123.512 to 4123.519, inclusive, of the Revised Code.

"Any action pending in Common Pleas Court *or any other court* on the effective date of this act under Section 4123.519 of the Revised Code shall be governed by the terms of this act."

One of the newly enacted sections, Section 4123.95, *supra,* effective November 2, 1959, reads as follows:

"Sections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of employees and the dependents of deceased employees."

As hereinbefore pointed out, Section 1465-90 of the General Code, which was in effect when relatrix was injured, contained no provision for an appeal by the employer and naturally had no provision that the filing of an appeal should not halt the payment of compensation for the simple reason that there was no employer's appeal at that time.

Unless both provisions, namely, the right of the employer to appeal and the provision against stopping payments are procedural and not substantive, neither one could apply to the claim of relatrix for the reason that she was first injured and her cause of action arose on January 5, 1953, and it was not until almost three years later that Section 4123.519, *supra,* was first enacted.

If the provision giving the employer a right to appeal affects a substantial right, then it could not apply to relatrix's case, the appeal by the employer would be a nullity and it would give the administrator no excuse or justification for his refusal to pass upon the latest application for compensation. We think that granting the extra appeal and the provision banning the withholding of benefits both are procedural and remedial.

In the case of *State, ex rel. Michaels,* v. *Morse,* 165 Ohio St., 599, the Supreme Court of Ohio gives exhaustive treatment to similar questions arising under the 1955 revision of the workmen's compensation laws, which were under attack, as affecting substantial rights. Beginning at page 604, the opinion of the Supreme Court, quoting from the opinion of the Court of Appeals, by Judge Lehr Fess, reads as follows:

" 'Relator's second contention is that Section 4123.519, Revised Code, violates the provisions of Section 28, Article II of the Constitution (hereinafter referred to as "II-28"), Section 1.20, Revised Code, and the Constitution of the United States. * * *

" ' "II-28" provides a limitation that the General Assembly shall have no power to pass retroactive laws. Relator con-

cedes that the limitation applies only to substantive rights and does not apply if remedial matters are involved. Numerous cases hold that retroactive laws refer to those which create and define substantial rights, and which either give rise to or take away the right to sue or to defend actions at law. *Smith* v. *New York Central Rd. Co.*, 122 Ohio St., 45, 48, 170 N. E., 637. * * * Although "II-28" has application to laws disturbing accrued substantive rights, it has no application to laws of a remedial nature providing rules of practice, courses of procedure, or methods of review. *State, ex rel. Slaughter,* v. *Industrial Commission,* 132 Ohio St., 537, 9 N. E. (2d), 505; *Lash, Admx.,* v. *Mann,* 141 Ohio St., 577, 582, 583, 49 N. E. (2d), 689.

" ' * * *

" 'The Legislature has complete control over the remedies afforded to parties in the courts of Ohio, and it is a fundamental principle of law that an individual may not acquire a vested right in a remedy or any part of it, that is, there is no right in a particular remedy. 10 Ohio Jurisprudence (2d), 616, Section 564. A party has no vested right in the forms of administering justice that precludes the Legislature from altering or modifying them and better adapting them to effect their end and objects. 10 Ohio Jurisprudence (2d), 616, Section 564 (citing *Hays* v. *Armstrong,* 7 Ohio, 248; *Trustees of Green Twp.* v. *Campbell,* 16 Ohio St., 11; *Templeton* v. *Kraner,* 24 Ohio St., 554; and *Gager, Treas.,* v. *Prout,* 48 Ohio St., 89, 26 N. E., 1013). *Thus, the Supreme Court has held that a statute granting a right of appeal or review to the Court of Common Pleas from an order of the Industrial Commission is remedial and may be given retroactive operation. State, ex rel. Slaughter,* v. *Industrial Commission, supra.* ' " (Emphasis added.)

It is our opinion that the provisions added by the 1959 amendments, as well as those applicable parts in what we have previously referred to as paragraphs ten, eleven and twelve of Section 4123.519, *supra,* are remedial in their nature, that they were in full force and effect when on March 31, 1960, the Industrial Commission passed upon the appeal of relatrix from the administrator's order of June 3, 1959, that the commission should have given effect to them and that the commission should have reversed the order of the administrator.

We conclude for the reasons above set forth that the petition of relatrix sets forth a cause of action, that the general demurrer to the petition is not well taken and must be overruled and it is so ordered, and the respondent will be permitted to answer within rule, otherwise the writ of procedendo shall issue as prayed for in the petition of relatrix.

*Judgment accordingly.*

DUFFEY, P. J., and DUFFY, J., concur.

DUFFEY, P. J., concurring. I concur in the decision and opinion.

There appears to be an additional reason why the commission's action is erroneous. The order of the commission denied "jurisdiction to award additional compensation" because of the pending appeal, and *dismissed* the application.

The present claim for additional compensation is apparently based on a recurrence of the condition alleged in the already pending application, and covers a different time period. Whether or not the commission has the right to hold payment, or even a determination, on this second application in *abeyance*, it would seem apparent that it cannot *dismiss* the application. On demurrer, we, assume that this second application contains all the allegations necessary for jurisdiction, and is within the statutory time periods provided in Section 4123.52, Revised Code. It might be noted that the commission's action here would present a peculiar problem for the claimant under the two-year limitation.