In re Guardianship of Derr.

[Cite as In re Derr (1970), 24 Ohio App. 2d 91.]

(No. 846—Decided September 14, 1970.)

*Mr. Samuel E. Frowine, Jr.,* for appellee.
*Messrs. Kimble, Schapiro, Stevens, Harcha & Young,* for appellant.

Gray, P. J.   This cause is in this court on appeal from a judgment of the Common Pleas Court of Scioto County, which judgment dismissed the appeal filed in the Court of Common Pleas from the Probate Court of Scioto County. The appeal was taken under authority of R. C. 2101.42. The basis for such dismissal was that the Common Pleas Court did not have jurisdiction to hear the appeal.

The pertinent part of R. C. 2101.42 is as follows:

"* * * If a record has not been taken at the hearing of any matter before the Probate Court so that a bill of exceptions may be prepared as provided by Sections 2321.02 to 2321.16, inclusive, of the Ohio Revised Code, then an appeal on questions of law and fact may be taken to the Court of Common Pleas from any order, decision or judgment of the Probate Court * * *."

That section of the Revised Code has been in its present form since October 1, 1953.

Section 4(B), Article IV of the Ohio Constitution is as follows:

"The Court of Common Pleas shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law."

It was amended by vote of the electorate on May 7, 1968, and became effective on that date. *Euclid* v. *Heaton,* 15 Ohio St. 2d 65.

The notice of appeal which attempted to lodge the appeal in the Common Pleas Court was filed May 23, 1969.

We think the trial court's judgment is correct.

Section 4, Article IV of the Ohio Constitution, before its recent amendment, read as follows:

"The jurisdiction of the Courts of Common Pleas and of the Judges thereof shall be vested by law."

It is plain that the electorate in voting this change in the Constitution intended that the Common Pleas Courts of Ohio only have appellate jurisdiction under Section 4(B), Article IV, in the instances mentioned, to wit:

"* * * and *such powers of review of proceedings of administrative officers and agencies as may be provided by law.*" (Emphasis added.)

The above language does not include an appeal from the Probate Court.

By Section 4(c), Article IV, the Probate Courts of Ohio were made a division of the Common Pleas Court.

Since the Probate Court is now a division of the Common Pleas Court, we do not think that it is possible for a litigant to "appeal" from one division of a court to another. R. C. 2101.42 was enacted October 1, 1953, while Section 4, Article IV, came into being by a vote of the people on May 7, 1968. Hence it is clear that the Legislature did not contemplate, nor could it have contemplated that it was providing for an appeal between divisions of the Common Pleas Court.

It should also be noted that the Legislature used the word "appeal" in R. C. 2101.42. The word "appeal" means the removal of a cause from a lower to a higher tribunal for retrial or review.

For these reasons the judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

ABELE and STEPHENSON, JJ., concur.