MORGAN, APPELLEE, *v.* WESTERN ELECTRIC COMPANY, INC.,
APPELLANT; CONNOR, ADMR., APPELLEE.

[Cite as Morgan v. Western Electric Co. (1982),
69 Ohio St. 2d 278.]

(No. 81-282—Decided February 19, 1982.)

*Messrs. Ward, Kaps, Bainbridge, Maurer, Bloomfield & Melvin, Mr. Robert L. Bridges* and *Mr. William J. Melvin,* for plaintiff-appellee Morgan.

*Messrs. Porter, Wright, Morris & Arthur* and *Mr. Charles J. Kurtz, III,* for appellant.

*Mr. William J. Brown,* attorney general, and *Ms. Nancy J. Miller,* for defendant-appellee Administrator, Bureau of Workers' Compensation.

CLIFFORD F. BROWN, J. This cause presents one issue: whether R. C. 4123.519, as amended and effective on January 1, 1979, permits a party to an occupational disease claim to appeal a decision of the Industrial Commission to a court of common pleas if the claim accrued before January 1, 1979. Appellant argues that its appeal in this cause is permissible. We agree.

Prior to the 1979 amendment, R. C. 4123.519 provided, in pertinent part: "The claimant or the employer may appeal a decision of the Industrial Commission in any injury case * * * to the court of common pleas * * * ." As amended, R. C. 4123.519 provides, in pertinent part: "The claimant or the employer may appeal a decision of the Industrial Commission or of its staff hearing officer * * * in any injury *or occupa-*

*tional disease* case * * * to the court of common pleas * * * ." (Emphasis added.)[2]

The amendment to R. C. 4123.519, creating a right of appeal for occupational disease claims from the Industrial Commission to the common pleas court is remedial in nature.[3] As such the amendment applies to cases pending on or before its effective date of January 1, 1979.

We deal here not with the substantive right to seek and be awarded compensation, but the procedure by which such claims may be effectuated. The amendment at issue here provides a method of review for occupational disease claims. To hold such a change to be remedial is consistent with a long line of decisions of this court.

In *State, ex rel. Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175, this court considered a 1959 amendment to the definition of permanent and total disability contained in R. C. 4123.58. We held the amendment remedial, stating in the first paragraph of the syllabus: "Laws of a remedial nature providing rules of practice, courses of procedure, or *methods of review* are applicable to any proceedings conducted after the adoption of such laws." (Emphasis added.) In support of this statement of the law, *Holdridge* cites *State, ex rel. Slaughter,*

---

[2] "Occupational disease" is a term whose use in the workers' compensation context antedates this amendment. See, *e.g.,* R. C. 4123.68 (schedule of compensable occupational diseases).

[3] The Court of Appeals for Franklin County held, in *Lotti* v. *General Motors Corp.* (1961), 113 Ohio App. 496, that any right of appeal given by statute, from an order of the Industrial Commission to a court must be classed strictly as a remedy. In that case, at the time of claimant's injury, G.C. 1465-90 gave a right of appeal to the common pleas court when extent of disability was the issue for determination. At the time of the commission's order, however, R. C. 4123.519, the successor statute to the old General Code section, provided no right of appeal in such cases. The Court of Appeals stated, at pages 497-498:

"The claimant argues that Section 1465-90, General Code, was considered to be a substantive change in the law, and that claims arising out of injuries received prior to the effective date of that section were not covered by its provisions. But, it is apparent from the decisions of the Supreme Court of Ohio that any right of appeal given by statute, from an order of the Industrial Commission to a court must be classed strictly as a remedy. See *State, ex rel. Slaughter,* v. *Industrial Commission,* 132 Ohio St., 537, and *State, ex rel. Michaels* v. *Morse et al., Industrial Commission,* 165 Ohio St., 599. Section 28, Article II of the Ohio Constitution, does prohibit retroactice laws if it has application to laws disturbing accrued substantive rights but does not apply to laws of a remedial nature."

v. *Indus. Comm.* (1937), 132 Ohio St. 537[4] and *State, ex rel. Michaels,* v. *Morse* (1956), 165 Ohio St. 599, 604-605.[5] See, also, *Rouse* v. *Chappell* (1875), 26 Ohio St. 306; 17 Ohio Jurisprudence 3d 85, 90-91 Constitutional Law, Sections 567 and 571.

As a remedial statute, the amendment to R. C. 4123.519 may be applied retrospectively without violating our Constitu-

[4] *State, ex rel. Slaughter,* v. *Indus. Comm. supra,* paragraphs three and four of the syllabus held:

"Section 28, Article II, of the Ohio Constitution, prohibiting the passage of retroactive laws, has application to laws disturbing accrued substantive rights, and has no reference to laws of a remedial nature providing rules of practice, courses of procedure or *methods of review.*

"A statute *granting a right of appeal or review* to a Court of Common Pleas from an order of the Industrial Commission, denying a claimant the right to participate in a state insurance fund, need not provide for a jury trial on questions of fact, and may limit such court to a determination of questions of law on the facts as found by the commission. Such a statute is *remedial* and may be given a *retroactive* operation." (Emphasis added.)

These paragraphs are supported by the incisive observation of Judge Zimmerman, in the opinion, at page 544, as follows:

"It is therefore difficult to avoid the conclusion that any right of appeal or review given by statute from an order of the Industrial Commission to a court must be classed strictly as a remedy."

[5] *State, ex rel. Michaels,* v. *Morse, supra,* reinforces the proposition stated both in *Holdridge* and *Slaughter, supra.* In the *per curiam* opinion, at pages 605-606, the unanimous court, quoting with approval the Court of Appeals' opinion, stated as follows:

" 'The legislature has complete control over the remedies afforded to parties in the courts of Ohio, and it is a fundamental principle of law that an individual may not acquire a vested right in a remedy or any part of it, that is, there is no right in a particular remedy. 10 Ohio Jurisprudence (2d) 616, Section 564. A party has no vested right in the forms of administering justice that precludes the Legislature from altering or modifying them and better adapting them to effect their end and objects. 10 Ohio Jurisprudence (2d), 616, Section 564 (citing *Hays* v. *Armstrong,* 7 Ohio, 248; *Trustees of Green Twp.* v. *Campbell* 16 Ohio St., 11; *Templeton* v. *Kraner,* 24 Ohio St., 554; and *Gager Treas.* v. *Prout,* 48 Ohio St., 89, 26 N.E., 1013). Thus, the Supreme Court has held that *a statute granting a right of appeal or review to the Court of Common Pleas* from an order of the Industrial Commission *is remedial and may be given retroactive operation. State, ex rel. Slaughter,* v. *Indus. Comm., supra.*' " (Emphasis added.) (Footnote omitted.) See, also, *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70.

Section 4 (B), Article IV of the Ohio Constitution effective May 7, 1968, empowers the General Assembly to grant judicial review by the common pleas courts of judicial proceedings of administrative officers and agencies, *Monroeville* v. *Ward* (1971), 27 Ohio St. 2d 179, at page 188; 2 Ohio Jurisprudence 3d 330, Administrative Law, Section 150; 4 Ohio Jurisprudence 3d 95, 96, Appellate Review, Section 30. Cf. *In re Derr* (1970), 24 Ohio App. 2d 91.

tion's prohibition on passage of retroactive laws. In *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115, Justice Locher stated, at pages 116-117, as follows:

" * * * [A] procedural statute * * * [is] in no way violative of Section 28 of Article II of the Ohio Constitution. This court held that Section 28 of Article II has application only to laws affecting substantive rights. It has no application to laws of a remedial nature providing rules of practice, courses of procedure, or methods of review. *State, ex rel. Slaughter,* v. *Indus. Comm.* (1937), 132 Ohio St. 537; *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70. * * * " (Footnote omitted.)

Additional authorities hold that a remedial statute creating a right of appeal may be applied retroactively without violating Section 28, Article II. See *Smith* v. *New York Central Rd. Co.* (1930), 122 Ohio St. 45;[6] *State, ex rel. Serafin,* v. *Indus. Comm.* (1961), 113 Ohio App. 405;[7] *Mace* v. *Scanlon* (1960), 111 Ohio App. 309.

While finding retroactive application of the amended statute permissible, its use here is not retroactive. Amended R. C. 4123.519 became effective January 1, 1979. As such, it is applicable to all decisions rendered by the Industrial Commission on or after January 1, 1979. Again, quoting from *Holdridge, supra:* "Laws of a remedial nature providing rules of practice, courses of procedure, or methods of review are applicable to *any proceedings conducted after the adoption of such laws.*" (Emphasis added.) Although this cause of action accrued prior to this effective date, the hearing and decision of the Industrial Commission, and the final order from which appellant appeals, occurred months *after* the amendment.

Finally, the amended R. C. 4123.519 contains express language commanding that it be applied to "all claims filed" after November 2, 1959.[8] The legislative intent is evident: in

---

[6] In *Smith,* the question arose whether a statute of limitations in a personal injury action reducing the limitations from four years to two years could be given retroactive effect. Paragraph one of the syllabus in *Smith* states:

"A statute which relates exclusively to remedial rights is not within the purview of the constitutional inhibition against the legislative enactment of retroactive laws."

[7] *State, ex rel. Serafin,* at page 414, states:

" * * * We think that granting the extra appeal and the provision banning the withholding of benefits both are procedural and remedial."

[8] The last two paragraphs of R. C. 4123.519 provide:

controlling all claims filed after November 2, 1959, the statute *and all its amendments* were "expressly made retrospective."[9] Any contrary result ignores this very intent by imposing an arbitrary cut-off date before which occupational disease claims cannot be appealed.[10]

Appellee Morgan contends that the amendment creates a substantive right and therefore may not be retroactively applied to cases filed and pending with the Industrial Commission prior to the effective date of the amendment. In reaching the erroneous conclusion that the amendment creates a substantive right, appellee relies upon an excerpt from *Akron* v. *Gay* (1976), 47 Ohio St. 2d 164, at pages 165-166, which stated, " * * * If the statute is jurisdictional, it is a substantive law of this state * * * ." *Akron* did not concern itself with the creation of a right of appeal nor with any Industrial Commission order or decision. This is evident from the syllabus which in essence held that statutory restriction upon extension of the

---

"This section applies to all decisions of the commission, the administrator, or a Regional Board of Review on November 2, 1959, and all claims filed thereafter shall be governed by Sections 4123.512 to 4123.519 of the Revised Code.

"Any action pending in common pleas court or any other court on November 7, 1957 under this section shall be governed by sections 4123.514, 4123.515, 4123.516, 4123.519 and 4123.522 of the Revised Code."

[9] R. C. 1.48 governs statutory construction. It provides:

"A statute is presumed to be prospective in its operation unless expressly made retrospective." The General Assembly expressly made 4123.519 retroactive by authority of R. C. 1.48.

[10] This legislative intent to make R. C. 4123.519 retroactive has been keenly recognized in the dissenting opinion in *Tague* v. *Board of Trustees* (1980), 61 Ohio St. 2d 136, at pages 140-141, as follows:

"The clear legislative intention was to make this 1977 amendment applicable to all claims pending or filed after November 2, 1959. The Legislature could easily have stated that the amended procedure was valid only for claims filed after January 17, 1977, the effective date of Am. Sub. S. B. No. 545. The failure to change a November 2, 1959, date clearly establishes the intention to make the admitted provision applicable to all pending claims.

" * * *

"In sum, the application of R. C. 4123.519, as amended, is not dictated by R. C. 1.58, because * * * the statute expressly provides for the applicability date of November 2, 1959. The thrust and sweeping changes Am. Sub. S. B. No. 545 are to create a uniform system of administration for the Workers' Compensation Fund. The majority opinion contravenes that very intent."

answer date in an appropriation proceeding in R. C. 163.08 is jurisdictional.[11]

Our decision is compatible with *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48, which holds that substantive rights involving workers' compensation benefits which accrued before enactment of a new statute of limitations cannot be affected by such statute because of Section 28, Article II, Ohio Constitution. It is also in perfect harmony with *Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28, paragraph one of the syllabus, and *Jenkins* v. *Keller* (1966), 6 Ohio St. 2d 122, paragraph four of the syllabus.

Because the amendment of R. C. 4123.519 lawfully gives appellant the right to appeal the decision of the Industrial Commission to the common pleas court, the judgment of the

---

[11] The syllabus in *Akron* v. *Gay, supra,* holds:

"The restriction upon extension of the answer date contained in R. C. 163.08 is jurisdictional. A Court of Common Pleas may not in an appropriation proceeding extend the date for answer beyond the 28 days prescribed by Civ. R. 12(A)."

Likewise, construing the 1979 amendment of 4123.519 as remedial law does not conflict with the 1968 Modern Courts Amendment, Section 5(B), Article IV, of the Ohio Constitution, which provides:

"(B) The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * "

This constitutional amendment recognizes that where conflicts arise between the Civil Rules or Appellate Rules and the statutory law, the rule will control the statute on matters of procedure and the statute will control the rule on matters of substantive law. *Boyer* v. *Boyer* (1976), 46 Ohio St. 2d 83, 86; *State* v. *Hughes* (1975), 41 Ohio St. 2d 208; *Morrison* v. *Steiner* (1972), 32 Ohio St. 2d 86 (subject matter jurisdiction of a municipal court contrasted with venue); *Krause* v. *State* (1972), 31 Ohio St. 2d 132, 145. In the instant *Morgan* case there is no conflict between the 1979 amendment of R. C. 4123.519 and any Civil Rule or Appellate Rule.

Furthermore, regardless whether the 1979 amendment of R. C. 4123.519 is delineated as the creation of a remedial or substantive right, the General Assembly has a constitutional power to create and to change the appellate review of proceedings of administrative agencies under Section 4, Article IV, Ohio Constitution, as follows:

"(B) The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies *as may be provided by law.*" (Emphasis added.)

Similar wording of Section 3(B)(2) of Article IV of the Ohio Constitution, pertaining to the Courts of Appeals, has been construed as empowering the General Assembly to change the appellate jurisdiction of the Courts of Appeals. *State* v. *Collins* (1970), 24 Ohio St. 2d 107; *Youngstown Municipal Ry. Co.* v. *Youngstown* (1946), 147 Ohio St. 221. The vehicle traditionally employed by the General Assembly to work such changes has been by statutory enactments and amendments.

Court of Appeals affirming the trial court's dismissal is reversed, and the cause remanded to the common pleas court for further proceedings according to law.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN and SWEENEY, JJ., concur.

LOCHER, HOLMES and KRUPANSKY, JJ., dissent.

LOCHER, J., dissenting. The majority holds that R. C. 4123.519 is remedial in nature and, therefore, a retroactive application of the 1979 amendment is constitutional. In *Rucker* v. *Master Metals* (October 23, 1980), No. 41856, unreported, the Court of Appeals for Cuyahoga County correctly criticized appellants' conclusion that the 1979 amendment is remedial and stated as follows:

"In support of their argument that the statute is remedial, appellants cite several cases which state that any statute granting a right of appeal or review to the Court of Common Pleas from an order of the Industrial Commission is remedial and may be given retroactive operation. That statement is overly broad and must be confined to the facts of the cases in which it appears. Those cases, in fact, reinforce the opinion of this court because a close look reveals that none of the statutes characterized as remedial granted or removed the *jurisdiction* of the court to hear the appeal. Only the procedural aspect was changed. [Emphasis *sic.*]

"*State, ex rel. Slaughter,* v. *Industrial Commission* (1937), 132 Ohio St. 537, concerned a claim by the widow of a relief worker who died from an accidental injury suffered in the course of his employment. The law in effect at the time of the employee's death, G. C. 1465.90, provided [that] when the Industrial Commission denied a claim on jurisdictional grounds at the hearing and again at a rehearing, claimant could appeal to the Court of Common Pleas. Claimant's rights were then determined by a judge or jury based upon the evidence contained in the rehearing record. In a subsequent law pertaining to relief workers, G. C. 3496.13, a claimant's appeal to the Common Pleas Court could be decided by the court solely upon the Industrial Commission's finding of fact and conclusions of law.

"The Supreme Court held G. C. 3496-13 was remedial. This does not conflict with our decision in the instant appeals because G. C. 3496-13 did not disturb jurisdiction. The court had jurisdiction to hear appeals for relief workers' injury claims before and after G. C. 3496-13 was enacted, only the method was changed.

"Similarly, in *State, ex rel. Michaels,* v. *Morse* (1956), 165 Ohio St. 599, the Court of Common Pleas already had jurisdiction to hear a claimant's appeal from the Industrial Commission's decision on an injury claim when the 1955 amendment to R. C. 4123.519 provided the employer and administrator with the right to appeal. The amendment added parties, not jurisdiction, and was determined to be remedial.

" * * *

"The statute involved in the appeals before this court confers jurisdiction over new subject matter; viz., occupational disease cases. Therefore, R. C. 4123.519 is substantive in nature and may not be applied retroactively."

Cases such as *Slaughter, Morse* and *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115, on which the majority bases its result apply *only if* a provision is *remedial* in nature. Likewise, the majority quotes paragraph one of the syllabus in *State, ex rel. Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175, which merely refers to *methods of review, not the right of judicial review.*

Accordingly, this amendment establishes jurisdiction in the Court of Common Pleas. See *Cadle* v. *General Motors Corp.* (1976), 45 Ohio St. 2d 28, paragraph one of the syllabus. "Courts of Common Pleas do not have inherent jurisdiction in workman's compensation cases but only such jurisdiction as is conferred on them under the provisions of the Workmen's Compensation Act." *Jenkins* v. *Keller* (1966), 6 Ohio St. 2d 122, paragraph four of the syllabus. Therefore, by establishing jurisdiction in the Court of Common Pleas, the 1979 amendment creates an opportunity for parties to claims alleging an occupational disease to receive a *judicial* determination of issues arising out of these claims.

This court has previously observed that "[i]f the statute is jurisdictional, it is a substantive law of this state * * * ." *Akron* v. *Gay* (1976), 47 Ohio St. 2d 164, 165-166. Likewise, it

is well settled that Section 28 of Article II of the Ohio Constitution requires that any law affecting substantive rights be applied prospectively. See *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48, 52-53.

Therefore, we should apply prospectively this 1979 amendment to R. C. 4123.519. This provision creates a new substantive right by granting jurisdiction in the Court of Common Pleas for appeals of occupational disease claims.

Accordingly, I would hold that appellant's attempt to appeal this occupational disease claim to the Court of Common Pleas was impermissible.

HOLMES and KRUPANSKY, JJ., concur in the foregoing dissenting opinion.