**Joyce SMITH, Plaintiff,**

v.

**GAF CORPORATION, et al.,
Defendants.**

**No. C–1–82–1293.**

United States District Court,
S.D. Ohio, W.D.

Jan. 20, 1987.

See also, D.C., 583 F.Supp. 1101.

Fredric F. Tilton, Cincinnati, Ohio (Thomas W. Henderson, Robert L. Jennings, Jr., Pittsburgh, Pa., of counsel), for plaintiff.

Stephen J. Habash, John H. Burtch, Baker & Hostetler, Columbus, Ohio, Jane E. Garfinkel, William G. Compton, Ralph F. Mitchell, Michael Eagen, Gordon C. Greene, Cincinnati, Ohio, for defendants.

### ORDER

HERMAN JACOB WEBER, District Judge.

This matter is before the Court upon defendant Celotex Corporation's Motion to Sever and Try at a Later Date the Plaintiff's Intentional Tort Claim (doc. no. 129). Defendant Celotex contends that the new Ohio Workers' Compensation Law concerning intentional torts ("new Law"), Am.Sub. S.B. No. 307, Ohio Rev.Code § 4121.80, should be applied retroactively to this case. Plaintiff challenges the constitutionality of any retroactive application of the new Law to this action.

The Court concludes that whether the new Law should be applied retroactively is immaterial to the issue raised by the Motion. Upon consideration, the Court finds that plaintiff shall proceed and be required to establish all theories of recovery in one jury trial. The plaintiff is entitled to "one day" in court and to hold otherwise is abhorrent to public policy requiring judicial economy. Motions to sever must be decided on a case-by-case basis and should be granted only when a clear showing is made that a fair trial is impossible. In this case, the Court is convinced that it is not necessary to grant a severance in order to have a fair trial.

The parties will be required to present their proof. If there is a failure to establish the elements of the intentional tort, it will be dismissed. This procedure is the same under the new Law as it was under the past law.

If the motion to dismiss the intentional tort claim is overruled, the Court can decide at the conclusion of all the evidence whether to submit that issue to the jury for an advisory verdict or a verdict, or the Court can refer the matter under the new Law to the Worker's Compensation Board.

The new Law, effective August 22, 1986, provides in paragraph (H) that:

This section applies to and governs any action based upon a claim that an employer committed an intentional tort against an employee pending in any court on the effective date of this section and all claims or actions filed on or after the effective date, notwithstanding any provisions of any prior statute or rule or law of the state. Ohio Rev.Code § 4121.-80(H).

Article II, Section 28 of the Ohio Constitution prohibits the passage of retroactive laws. This section of the Ohio Constitution applies to laws affecting substantive rights and does not refer to laws of a remedial nature providing rules of practice, courses of procedure or methods of review. Such laws of a remedial nature are applicable to any proceeding conducted after the adoption of such law. *Kilbreath v. Rudy*, 16 Ohio St.2d 70, 242 N.E.2d 658 (1968). Ohio Rev.Code § 1.48 is simply a codification of the rule of statutory construction and does not grant greater powers to the General Assembly than does the Constitution. *French v. Dwiggins*, 9 Ohio St.3d 32, 36 n. 4, 458 N.E.2d 827 (1984).

A statutory amendment which takes away or impairs a common law right may still be remedial. *Wilfong v. Batdorf*, 6 Ohio St.3d 100, 103–04, 451 N.E.2d 1185 (1983). A statutory amendment which takes away the right to a jury trial may still be remedial. *State, Ex. Rel. Slaughter v. Industrial Commission*, 132 Ohio St. 537, 9 N.E.2d 505 (1937). See also, *Morgan v. Western Electric Co.*, 69 Ohio St.2d 278, 285–86, 432 N.E.2d 157 (1982).

An Ohio case directly on point on this issue is *Meadors Adm'n. v. Zoring Company* (October 6, 1986), Case No. A–8503907, Hamilton County Common Pleas, which holds that the statute is substantive.

This Court acknowledges that the Supreme Court of Ohio has the ultimate responsibility to determine whether the new Law is remedial or substantive. This Court agrees with *Meadors'* conclusion that there is no federal constitutional prohibition to retroactive application presented, and that the ultimate determination of the issue rests squarely on the application of Article II, Section 28 of the Ohio Constitution by the Ohio Supreme Court.

This Court is convinced that by following the procedure suggested herein, substantial justice can be afforded the parties without further delay. The Court notes this case was filed November 12, 1982.

Accordingly, Celotex Corporation's Motion to Sever and Try at a Later Date the Intentional Tort Claim (doc. no. 129) is DENIED. The intentional tort action shall proceed to jury trial in conjunction with the other claims asserted in this case.

IT IS SO ORDERED.