DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which denied appellant's motion to strike appellee's notice of voluntary dismissal. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, FedEx Ground ("FedEx"), sets forth the following single assignment of error: *Page 2 
 {¶ 3} "The Trial Court erred in denying FedEx's Motion to Strike Plaintiff/ Appellee Darlene Rohloff s ("Rohloff s") Notice of Dismissal in violation of R.C. 4123.512."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. Appellee's claim originates from a June 25, 2003 workplace incident. As a result of this incident, appellee filed a workers' compensation claim.
 {¶ 5} On March 27, 2006, the Industrial Commission of Ohio ruled in favor of appellee. Pursuant to R.C. 4123.512(A), FedEx appealed the Industrial Commission's decision to the Lucas County Court of Common Pleas.
 {¶ 6} R.C. 4123.512(D) provides that when a claim is appealed from the Industrial Commission, the employee/claimant becomes the plaintiff. The employer becomes the defendant. This is done regardless of which party files the appeal.
 {¶ 7} The employee, being the plaintiff, is required to submit a complaint to the trial court. Prior to the enactment of Am. Sub. S.B. No. 7 on October 11, 2006, this scenario created unique results. "[W]hen an employer has appealed a decision of the Industrial Commission to a court of common pleas under R.C. 4123.512, the court of common pleas may subsequently grant a motion to voluntarily dismiss the employee's complaint without prejudice under Civ.R. 41(A)(2)." Kaiser v.Ameritemps, Inc. (1999), 84 Ohio St.3d 411, 414, citing Robinson v.B.O.C. Group, Gen. Motors Corp. (1998), 81 Ohio St.3d 361, parenthesis removed. The court clarified that this analysis also applied to employees/plaintiffs under Civ.R. 41(A)(1)(a). Further, the employer could not block *Page 3 
an employee's use of Civ.R. 41 to dismiss his/her employer's appeal. Employees utilizing this tactic were required to refile within one year.Kaiser, 84 Ohio St.3d at 415.
 {¶ 8} On October 11, 2006, after a six month statewide referendum, Am. Sub. S.B. No. 7 went into effect. Am. Sub. S.B. No. 7 made several changes to R.C. 4123.512 and directly addressed the above described dismissal issue in R.C. 4123.512(D). The legislature modified division (D) to state, "the claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to the court pursuant to this section."
 {¶ 9} On March 15, 2007, appellee filed a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1). On March 21, 2007, appellant, acting in response to Am. Sub. S.B. No. 7, filed a motion to strike appellee's notice of voluntary dismissal. On April 23, 2007, the trial court denied appellant's motion to strike. Appellant has filed a timely notice of appeal.
 {¶ 10} This court has determined that this appeal is taken from a final appealable order. The key to be addressed in this appeal is whether the amendments to R.C. 4123.512(D) apply retroactively to the present case. Appellee asserts that the changes to R.C. 4123.512(D) are inapplicable because they were not enacted until after her cause of action accrued. Appellee's position is that Am. Sub. S.B. No. 7 expressly requires that legislative changes made pursuant to R.C. 4123.512(D) are prospective. Such changes apply only to claims arising on and after the effective date of Am. Sub. S.B. No. 7. Appellant responds by arguing that an existing provision in R.C. 4123.512(H), unaltered *Page 4 
by Am. Sub. S.B. No. 7, expressly requires that all amendments to R.C.4123.512(D) date back to November 2, 1959.
 {¶ 11} R.C. 1.48 provides, "A statute is presumed to be prospective in its operation unless expressly made retrospective." To apply an act or amendment retrospectively, the legislature must have clearly expressed retroactive intent. State v. Williams, 103 Ohio St.3d 112,2004-Ohio-4747, ¶ 8, citing State v. Cook (1998), 83 Ohio St.3d 404,410.
 {¶ 12} When determining legislative intent, courts can look to uncodified law. Courts can also use uncodified law to determine when an act takes effect, and uncodified law often shows whether the legislature intended an act to be applied retroactively. If the legislature is silent, the act must only be applied prospectively. See State v.Consilio, 114 Ohio St.3d 295, 2007-Ohio-4163, ¶ 19.
 {¶ 13} This court now has the task of determining whether the legislature intended to apply the amendments to R.C. 4123.512(D) retrospectively or prospectively.
 {¶ 14} Uncodified language in Section 3 of Am. Sub. S.B. No. 7 specifically singles out division (H) of R.C. 4123.512 as applying to pending claims. No other sections of R.C. 4123.512 are specifically stated as applying in that fashion. Am. Sub. S.B. No. 7 states, "This act applies to all claims pursuant to Chapters 4121., 4123., 4127., and 4131. of the Revised Code arising on and after the effective date of this act." Accordingly, it is apparent to this court that the current legislature intended the amendments to division (D) to apply prospectively. *Page 5 
 {¶ 15} Appellant asserts that the analysis should not end here. In support, appellant cites Morgan v. Western Electric Co. Inc. (1982),69 Ohio St.2d 278 and argues that R.C. 4123.512 contains a provision that makes all amendments to it retrospective. In pertinent part, the provision states, "all decisions of the commission or the administrator on November 2, 1959, and all claims filed thereafter are governed by sections 4123.511 and 4123.512 of the Revised Code."
 {¶ 16} In Morgan, the Ohio Supreme Court was asked to determine whether amendments made to R.C. 4123.419 by Am. Sub. S.B. No. 545, enacted January 1, 1979, applied retrospectively. When Morgan was decided, the November 2, 1959 statement read, "This section applies to all decisions of the commission, the administrator, or the Regional Board of Review on November 2, 1959, and all claims filed thereafter shall be governed by Sections 4123.512 to 4123.519 of the Revised Code."
 {¶ 17} In interpreting the November 2, 1959 statement, theMorgan court concluded, "The legislative intent is evident: in controlling all claims filed after November 2, 1959, the statute and all its amendments were `expressly made retrospective.'" Id. at 282-283. However, upon closer examination of the Morgan decision, we find that it is inapplicable to the present case.
 {¶ 18} Am. Sub. S.B. No. 545 did not give the Morgan court any indication of the legislature's prospective or retrospective intent. Id. at 283. The court was forced to consider the November 2, 1959 provision. In contrast, Am. Sub. S.B. No. 7 is not silent on the legislature's intent. Section 3 of Am. Sub. S.B. No. 7 contains a clear provision stating *Page 6 
that modifications to R.C. 4123 are to be applied prospectively, after the date of enactment. Am. Sub. S.B. No. 7 specifically singles out division (H) of R.C. 4123.512 as the only division of R.C. 4123.512 to apply retrospectively.
 {¶ 19} The November 2, 1959 statement is a generalized provision. Section 3 of Am. Sub. S.B. No. 7 is a specific statutory provision. It expressly identifies the sections of R.C. 4123.512 that apply retroactively and the sections that apply prospectively. When two provisions are in conflict, specific statutory provisions take precedent over general provisions. Springdale v. CSX Ry. Corp. (1994),68 Ohio St.3d 371, 376, citing State v. Volpe (1988), 38 Ohio St.3d 191, 193. Thus, Section 3 of Am. Sub. S.B. No. 7 is controlling on the issue of prospective or retrospective application of R.C. 4123.512(D).
 {¶ 20} Further, the Morgan court restricted its analysis to occupational disease claims arising under Am. Sub. S.B. 545. The court limited its holding by stating, "Any contrary result ignores this very intent by imposing an arbitrary cut-off date before which occupational disease claims cannot be appealed." Morgan, 69 Ohio St.2d at 283.
 {¶ 21} Appellant next argues that the application of amended R.C.4123.512(D) would not actually be retrospective. Appellant states that because appellee filed the Civ.R. 41(A)(1) motion to dismiss several months after the effective date of amended R.C. 4123.512(D), appellee's cause of action did not accrue until after the effective date of Am. Sub. S.B. No. 7.
 {¶ 22} We are not convinced by this argument. It is established in workers' compensation claims that the cause of action accrues when the claim is initially filed with *Page 7 
the Ohio Industrial Commission. "A `claim' in a workers' compensation case is the basic or underlying request by an employee to participate in the compensation system because of a specific work-related injury or disease." Felty v. ATT Technologies, Inc. (1992), 65 Ohio St.3d 234,239.
 {¶ 23} In this case, appellee's claim was proceeding through the workers' compensation system well before Am. Sub. S.B. No. 7 became effective. To apply amended R.C. 4123.512(D) to her claim would be a retrospective application.
 {¶ 24} Wherefore, for the reasons stated herein, we find that appellant's assignment of error is not well-taken. The legislature clearly intended for amended R.C. 4123.512(D) to apply prospectively.
 {¶ 25} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 8 
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., Concur. *Page 1