{¶ 17} While I agree with the majority's conclusions that a voluntary dismissal divests the trial court of jurisdiction and that the voluntary dismissal in this case was not a final appealable order, I cannot agree with the conclusion that had the appeal that was the subject ofThorton I been timely filed, this court could have reached the merits of appellant's assertions relating to the final appealable order issue.
 {¶ 18} Civ.R. 41(A), which governs the voluntary dismissal of actions provides two avenues of relief to the plaintiff. The first is Civ.R. 41(A)(1) by which a plaintiff may *Page 8 
dismiss an action upon notice, without order of court, at any time prior to the start of trial, unless a counterclaim has been asserted that cannot remain pending for independent adjudication. The second is Civ.R. 41(A)(2), which provides that an action may not be dismissed at plaintiffs request "except upon order of court and upon terms and conditions as the trial court deems proper."
 {¶ 19} The majority correctly concludes that once a plaintiff files a notice of dismissal the trial court is divested of jurisdiction over the case. It should be noted that a trial court does retain jurisdiction to rule on collateral issues such as criminal contempt or other sanctions pursuant to Civ.R.11 or R.C. Section 2323.51. See State ex rel. Conkelv. Sadler (2003), 99 Ohio St.3d 402, 2003-Ohio-4124 and Gitlin v. PlainDealer Publishing Co. (2005), 161 Ohio App. 3d 660, 2005-Ohio-3024. Such a voluntary dismissal renders the action as if it had never been commenced. Zimmie v. Zimmie (1984), 11 Ohio St.3d 94, 95.
 {¶ 20} In Thorton I, I was of the opinion that the appeal was indeed timely filed because it was apparent that the trial court construed the Civ.R. 41(A)(1)(a) notice as a motion to dismiss and granted a Civ.R. 41(A)(2) dismissal without prejudice by noting "it is so ordered" on the notice of dismissal. Appellant filed its notice of appeal within thirty days of that order. Inasmuch as the dismissal was without prejudice, and regardless of whether the voluntary dismissal was pursuant to Civ.R. 41(A)(1) or Civ.R. 41(A)(2), it did not operate as an adjudication upon the merits. Because Mr. Thorton could refile the petition within one year pursuant to R.C. 2305.19, the trial court's order entered *Page 9 
upon the notice of dismissal was not a final appealable order; thus dismissal of the appeal in Thorton I was appropriate.
 {¶ 21} In the present appeal the dismissal is appropriate because the voluntary dismissal terminated the case and divested the trial court of jurisdiction to grant or deny a Civ.R. 60(B) motion. However, as it pertains to the decision in Thorton /, even if Montville had filed its notice of appeal within thirty days of the filing of the notice of voluntary dismissal rather than the trial court's order endorsed upon the notice, this court could not have considered Montville's arguments as it still faced the barrier to appellate review created by a voluntary dismissal.
 {¶ 22} The case ended with the voluntary dismissal. There was no final judgment. It was as if the case had never been commenced. Therefore, neither the trial court nor this court could reach the underlying issue of the applicability of amended R.C. 4123.512(D).
 {¶ 23} The dichotomy between the civil rules and the procedures set forth in the workers' compensation statute creates a procedural minefield. It appears that the only method available to an employer who seeks to challenge a notice of voluntary dismissal on grounds that it was filed in violation of R.C. 4123.512 is a motion to strike the voluntary dismissal. The Sixth District in Rohloff v. FedEx Ground, etai, 6th Dist. No. L-07-1182, 2007-Ohio-6530, recently held that a trial court's denial of an employer's motion to strike a voluntary dismissal was a final appealable order. Although the Sixth District did not articulate its reasoning underlying the determination that there was a final appealable order and instead focused its opinion on the underlying issue of *Page 10 
retroactivity of R.C. 4123.512, it would appear that this procedural method works because it attacks the pleading itself and not an order upon that pleading which the trial court has no continuing jurisdiction to issue.
 {¶ 24} For these reasons, I respectfully concur in judgment only. *Page 1