ARMCO, INC., Appellee,

v.

NORTHERN ASSURANCE COMPANY OF AMERICA, Appellant.

[Cite as *Armco, Inc. v. N. Assur. Co. of Am.* (1994), 99 Ohio App.3d 545.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA94–02–026.

Decided Dec. 5, 1994.

*Wood & Lamping* and *Gerald G. Salmen,* for appellee.

*Reminger & Reminger Co., L.P.A.,* and *Nicholas D. Satullo,* for appellant.

WILLIAM W. YOUNG, Judge.

Defendant-appellant, Northern Assurance Company of America, appeals a decision by the Butler County Court of Common Pleas requiring it to indemnify plaintiff-appellee, Armco, Inc., for payments made by Armco into the Disabled Workers' Relief Fund ("DWRF"). In its January 10, 1994 decision, the trial court found that appellant was required to indemnify Armco under an insurance policy it had issued to Armco. The insurance policy in question provides:

"I. **Application of Policy.** This policy applies to loss sustained by the insured [Armco] on account of:

"A. compensation *and other benefits* required of the insured [Armco] by the workmen's compensation law * * *.

"* * *

"as a result of injury (1) by accident occurring during the policy period * * *.

"* * *

"(f) **Loss.** The word 'loss' shall mean only such amounts as are actually paid in cash by the insured [Armco] in payment of benefits under the workmen's compensation law, in settlement of claims or in satisfaction of awards or judgment; but the word 'loss' shall not mean claim expenses, salaries paid to employees of the insured, nor [*sic*] annual retainers." (Emphasis added.)

In its sole assignment of error, appellant argues that it is not liable to indemnify Armco for DWRF payments. Appellant argues that the policy requires it only to indemnify Armco for payments made as workers' compensation benefits. Appellant claims that "DWRF payments" have been defined by the Supreme Court of Ohio as relief welfare, not workers' compensation. Appellant relies on *Thompson v. Indus. Comm.* (1982), 1 Ohio St.3d 244, 1 OBR 265, 438 N.E.2d 1167, for its argument.

Section 35, Article II of the Ohio Constitution authorizes the creation of the State Insurance Fund ("SIF") with compulsory employer contributions for the purpose of providing workers' compensation.[1] DWRF was created as a subsidy for permanently and totally disabled workers because of inflation's effect on prior workers' compensation benefits. When DWRF was originally created in 1953, it was a separate and distinct fund from SIF. In 1975, the General Assembly

---

1. Section 35, Article II of the Ohio Constitution provides in part:

"For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom."

allowed investment income from SIF to be transferred to DWRF. This created a constitutional dilemma faced by the Supreme Court of Ohio in *Thompson, supra.* The legislature again modified the funding scheme in 1986 by making self-insured employers like Armco liable to the Ohio Bureau of Workers' Compensation for all past, present, and future DWRF payments made to qualified recipients on a dollar-for-dollar basis. The constitutionality of this new funding scheme was upheld in *Wean, Inc. v. Indus. Comm.* (1990), 52 Ohio St.3d 266, 557 N.E.2d 121.

It was argued in *Thompson* that if DWRF payments were found not to be compensation, then DWRF violated Section 35, Article II of the Ohio Constitution because funds from SIF were being used for purposes other than workers' compensation. However, if DWRF payments were found to be compensation, then the legislature had retroactively increased the workers' compensation benefits in violation of Section 28, Article II of the Ohio Constitution.[2]

The Supreme Court first held that transferring funds from SIF to DWRF was consistent with Section 35, Article II because "DWRF is a supplement to the workers' compensation program, hence its location in [R.C.] Chapter 4123." *Thompson, supra,* 1 Ohio St.3d at 246, 1 OBR at 267, 438 N.E.2d at 1169. Although it found that DWRF is so closely related to workers' compensation that funds can be indiscriminately transferred from SIF to DWRF, the Supreme Court then held that DWRF payments are not retroactive increases in workers' compensation because the "framers of the DWRF statutes were keenly aware of the potential retroactivity problem and established the DWRF as a separate relief fund so as to avoid any collision with Section 28, Article II." *Thompson,* 1 Ohio St.3d at 251, 1 OBR at 271, 438 N.E.2d at 1173.

Thus, DWRF payments are relief payments, not workers' compensation, even though the DWRF payments serve to meet "the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment." Section 35, Article II, Ohio Constitution. It seems that this fiction was created by the court out of a fear that a ruling declaring the DWRF program unconstitutional would make "a cruel mockery of the laudable purpose [of the constitutional provision allowing for a workers' compensation program]." *Id.,* 1 Ohio St.3d at 249, 1 OBR at 269, 438 N.E.2d at 1171.

Obvious difficulties remain with this analysis. The Supreme Court's distinction between DWRF payments and workers' compensation payments is at best elusive. Certainly, from the point of view of a permanently and totally disabled

---

2. Section 28, Article II of the Ohio Constitution provides in part: "The general assembly shall have no power to pass retroactive laws * * *."

worker there is no distinction whatsoever: he is simply receiving more money for his work-related disability.

In this case, language can be found in *Thompson* supporting both parties' arguments. However, we believe that, while Armco's DWRF payments are not workers' compensation, they are *"other benefits* required of the insured [Armco] by the workmen's compensation law" within the meaning of appellant's policy because DWRF was created by the legislature pursuant to Section 35, Article II of the Ohio Constitution and because the statute sections dealing with DWRF are integrated into the Revised Code chapter on workers' compensation. Accordingly, appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JONES, P.J., and KERNS, J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.