DECISION
Plaintiffs-appellants, The Goodyear Tire Rubber Co., Bridgestone/Firestone, Inc., Loral Corporation, and Webster Industries, Inc., appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment for defendant-appellee, the Ohio Bureau of Workers' Compensation ("BWC"). Appellants are self-insured employers who brought this declaratory judgment action seeking a determination of their liabilities to the Disabled Workers' Relief Fund ("DWRF") maintained by the BWC under R.C. 4123.411. et seq.
The DWRF was created pursuant to legislation enacted by the Ohio General Assembly in 1953. The fund provides payments to workers' compensation claimants who are permanently and totally disabled as a result of an occupational injury or disease, and whose combined workers' compensation benefits and Social Security disability benefits fall below a specified monthly floor. DWRF benefits are separate and distinct from workers' compensation benefits, and the fund is a separate entity from the state insurance fund. Thompson v. Indus. Comm. (1982), 1 Ohio St.3d 244. The DWRF was initially funded from the state's general revenues, but in 1959 the General Assembly enacted R.C. 4123.411, which changed the method of funding to a payroll assessment. This payroll assessment was imposed upon all employers, without distinction between those who participated in the state insurance fund for workers' compensation coverage and those who were self-insured. The DWRF assessment was computed as a percentage of an employer's semi-annual payroll, and was calculated to produce a cumulative amount no greater than that necessary to carry out the purposes of the DWRF for the period for which the assessment was levied.
The General Assembly amended R.C. 4123.411 effective August 22, 1986, and significantly altered the DWRF funding mechanism. Employers who participated in the state insurance fund continued to remain subject to the payroll assessment for their DWRF fund obligations. Self-insured employers, however, were subjected to newly enacted R.C. 4123.411(C):
 For an employer granted the privilege to pay compensation directly the bureau of workers' compensation shall pay to employees who are participants regardless of the date of injury, any amounts due to the participants under section 4123.414 of the Revised Code and shall bill the employer, semiannually, for all amounts paid to a participant.
Thus, for self-insured employers, the DWRF payroll assessment was eliminated and replaced by a requirement that self-insured employers reimburse the DWRF, dollar-for-dollar, for amounts paid by the BWC to that employer's former employees. Other than a minor 1993 amendment substituting the term "self-insuring employer" for "employer granted the privilege to pay compensation directly," R.C. 4123.411(C) has remained essentially unchanged since its enactment.
Appellants are Ohio employers who are presently self-insured for purposes of workers' compensation, and whose participation in the DWRF fund predates the 1986 amendments. Appellants do not contest in the present action any BWC semi-annual billings for on-going DWRF payments to claimants representing benefits payable to claimants based upon their income shortfall for the given semi-annual billing period. Rather, appellants contest a BWC practice which appellants describe as "retroactive billing." This involves contemporary payments by BWC to claimants of lump sums for benefits which would have been payable prior to the current semi-annual billing period, but where the determination of DWRF eligibility was not made until after an arrearage had accumulated. The parties have stipulated that the DWRF section of the BWC had at one time accumulated a substantial backlog of DWRF files, and that lack of access to required social security disability information, or failure to provide necessary information by claimants, had hindered processing of DWRF eligibility determinations. Recent automation of the DWRF section, as well as improved access to Social Security disability data, has contributed to a rapid reduction in the backlog of DWRF files, and a corresponding increase in DWRF benefits paid. Many of the newly eligible claimants received initial payments which included substantial arrearages, and some of these lump-sum initial payments included DWRF benefits accrued to the claimant prior to the 1986 amendments to the DWRF process.
Appellants advance several theories in support of their challenge to the BWC billing practices. Appellants first argue the BWC has no authority to bill employers for DWRF benefits accruing to claimants prior to the semi-annual billing period for which the bill is issued, regardless of whether the funds were actually disbursed by BWC during the billing period. In the alternative, appellants argue that if BWC is permitted to bill for accumulated unpaid benefits, a two-year statutory limit exists to limit how far back such payments may reach.
Appellants lastly argue that the BWC may not bill a self-insured employer for DWRF outlays for benefit periods prior to the 1986 amendments since employers' liability for pre-1986 benefits accrued by claimants had been met by corresponding pre-1986 payroll assessments. Appellants assert that the current dollar-for-dollar billings for benefits accrued prior to 1986 constitute an unconstitutional retroactive application of the amendments to R.C. 4123.411, and that such an interpretation also denies employers equal protection of the law because similarly-situated self-insured employers are treated differently based upon the date of BWC determinations of DWRF claims.
In practical effect, the parties thus confront each other across a narrowly limited issue: appellee asserts that the plain language of R.C. 4123.411(C) provides that self-insured employers shall reimburse the BWC for all current outlays to claimants, regardless of when the underlying DWRF obligation accrued; appellants prefer a method of accounting in which they would reimburse the BWC only for benefits paid which were actually accrued to the claimant in a current six month reimbursement period. The Franklin County Court of Common Pleas granted summary judgment for appellee on this issue. Appellants have timely appealed and bring the following assignment of error:
 THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING SUMMARY JUDGMENT AS A MATTER OF LAW IN FAVOR OF THE OHIO BUREAU OF WORKERS' COMPENSATION.
At the outset, we note the present matter was decided on summary judgment. Pursuant to Civ.R. 56(C), summary judgment may be granted only where no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and the evidence, viewed in the light most favorable to the non-moving party, establishes that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Davis v.Loopco Indus. (1993), 66 Ohio St.3d 64, 66. When reviewing the grant of a motion for summary judgment, an appellate court will review the judgment independently without deference to the trial court's determination. Heritage Mut. Ins. Co. v. Ricart Ford
(1995), 105 Ohio App.3d 261.
Appellants initially contend that an employee's entitlement to DWRF payments should commence only upon the BWC's issuance of a determination of eligibility for subsidy based upon a shortfall in the claimant's combined workers' compensation and Social Security disability benefits. Under this interpretation, the BWC would have no statutory authority to make the large retroactive lump-sum payments to claimants for benefits accruing between the date of their eligibility for DWRF payments (based upon combined workers' compensation and social security benefits which fall below the statutory DWRF minimum) and the date upon which the BWC makes an actual determination of claimant's eligibility. We find no support for this proposition in the statutes governing DWRF benefits. R.C. 4123.413 currently sets forth the standard for eligibility as follows:
 To be eligible to participate in said fund, a participant must be permanently and totally disabled and be receiving workers' compensation payments, the total of which, when combined with disability benefits received pursuant to The Social Security Act is less than three hundred forty-two dollars per month adjusted annually as provided in division (B) of section 4123.62 of the Revised Code.
R.C. 4123.414 further provides the formula for determination of the amount of DWRF relief payments:
 Each person determined eligible, pursuant to section 4123.413 of the Revised Code, to participate in the disabled workers' relief fund is entitled to receive payments, without application, from the fund of a monthly amount equal to the lesser of the difference between three hundred forty-two dollars, adjusted annually pursuant to division (B) of section 4123.62
of the Revised Code, and:
 (1) The amount he is receiving per month as the disability monthly benefits award pursuant to The Social Security Act; or
 (2) The amount he is receiving monthly under the workers' compensation laws for permanent and total disability. In determining such difference, a participant shall be considered as receiving the amount of such participant's compensation which shall have been commuted under the provisions of section 4123.64 of the Revised Code. Such payments shall be made monthly during the period in which such participant is permanently and totally disabled.
Appellants assert that the language "each persondetermined eligible" in R.C. 4123.414 was added in the 1986 amendments, and signifies the legislature's intent that claimants should receive only DWRF payments accruing after the determination of eligibility by the BWC. Appellee points out, however, that both prior versions and present R.C. 4123.414 provide that a disabled worker is entitled to receive payments "without application." This supports appellee's position that eligibility for DWRF payments begins at the time a claimant's specified workers' compensation and social security benefits fall below the statutory floor, not at the time claimant's file has been reviewed and evaluated by the BWC's DWRF section. We therefore conclude that the BWC is not statutorily barred from awarding back DWRF benefits to claimants and billing the self-insured employers for such benefits.
Appellants alternatively argue that, if back DWRF can be paid by BWC, the period for which such back benefits could be paid, is limited by the express two-year statute of limitations upon changes to past awards by the Industrial Commission, R.C.4123.52. DWRF benefits differ statutorily, however, from general workers' compensation benefits, which require a timely filed application. R.C. 4123.84 and 4123.85. In contrast, the above-cited language from the DWRF statutes establishes that there is no duty on the claimant to apply for DWRF benefits in order to be eligible, since eligibility is "without application" and governed solely by the formula set forth in R.C. 4123.414. We therefore reject appellants' contention that there is a two-year limit on any back benefit award for DWRF claimants.
We now turn to appellants' arguments regarding the constitutionality of R.C. 4123.411(C) as applied by the BWC.
We first address appellants' contention that R.C.4123.411, as applied by appellee, violates the bar against retroactive legislation found in Section 28, Article XXII of the Ohio Constitution: "The General Assembly shall have no power to pass retroactive laws, or laws impairing the law of contracts * * *." In applying this section, the Supreme Court of Ohio has stated that "the prohibition against retroactive laws * * * is a bar against the state's imposing new duties and obligations upon a person's past conduct and transactions, and it is a protection for the individual who is assured that he may rely upon the law as it is written and not later be subject to new obligations thereby."Lakengren, Inc., v. Kosydar (1975), 44 Ohio St.2d 199, 201.
The purported unconstitutional retroactivity of R.C.4123.411(C) was initially challenged by Ohio employers in the case of Wean Incorporated v. Indus. Comm. (1990), 52 Ohio St.3d 266. The Supreme Court in Wean held that R.C. 4123.411(C) as amended could be constitutionally applied to claims with dates of injury prior to the effective date of the 1986 amendments. The court concluded that this was not unconstitutional retroactivity, because the self-insured employer under the amendments was only required to pay a "current responsibility": "Accordingly, we conclude that R.C. 4123.411(C), effective August 22, 1986, was intended by the General Assembly to apply prospectively. As applied prospectively, self-insured employers are currently responsible to reimburse the bureau for all past, present and future employees who are eligible for the DWRF." Id. at 269. The Supreme Court's decision, however, does not clearly define "current responsibilities" for purposes of the specific issue before us. The opinion in Wean, while it found that the date ofinjury was not determinative, did not develop in the facts whether the employers were seeking to avoid dollar-for-dollar payments under the current funding system for previously accrued benefits, or for benefits which were accrued by claimants in the six-month assessment period for which the BWC attempted to bill the employers. This therefore left unanswered the question of whether an employer's "current responsibility" to the DWRF is to determined upon accrual of the benefits to the claimant, or on the basis of actual cash outlays by the BWC.
Significantly, we expanded the reasoning of Wean in the more recent case of Indus. Comm. v. Dayton Walther Corp. (Apr. 30, 1998), Franklin App. No. 97AP-746, unreported (1998 Opinions 1393). That case involved self-insured employers who contested dollar-for-dollar reimbursement for employee claimants who were injured prior to the date that the employers became self-insured. The employers in question had not become self-insured until after the 1986 amendments to R.C. 4123.411(C). We extended the reasoning of Wean to conclude that the term "current responsibility" fromWean addressed all current DWRF outlays by the BWC regardless of date of injury in relation to the date the employer became self-insured.
We conclude from our analysis of Wean and DaytonWalther, that a self-insured employer's obligation for reimbursement of DWRF disbursements arises at the time disbursements are made, rather than at the time the worker's right to receive them accrues under the other pertinent DWRF statutory sections. Since the Supreme Court has clearly stated that R.C.4123.411 is a funding provision, and by its own terms the self-insured employer's obligation to reimburse the BWC for DWRF outlays is not triggered until payment is actually made to a claimant by the BWC, we are constrained to conclude that the Supreme Court's retroactivity analysis in Wean is applicable regardless of when the claimant's right to receive benefits accrues. We accordingly find R.C. 4123.411(C) as applied by the BWC is not unconstitutionally retrospective.
Appellants also aver a denial of equal protection through the application of amended R.C. 4123.411(C), on the basis that similarly situated employers, with claimants whose claims arose at the same time, will be differently treated based upon differing delays in BWC determinations of eligibility of the DWRF claims.
The equal protection provisions of the Federal and Ohio Constitutions were generally addressed by the Ohio Supreme Court in Cleveland v. Indus. Comm. (1983), 8 Ohio App.3d 7, 11:
 A fundamental principle of constitutional and administrative law is that when a public authority makes decisions with "an unequal hand, so as practically to make unjust and illegal discrimination between persons in similar circumstances, material to their rights is a denial of equal justice within the prohibition of the constitution. Yick Wo v. Hopkins (1886), 118 U.S. 356, 373 (1886). The constitutional prohibitions of the Fourteenth Amendment are coextensive with Article I, Section 2 of the Ohio Bill of Rights."
Again, we look to R.C. 4123.411(C) as a funding
provision, based upon actual outlays in the DWRF program by the BWC. No distinction is made between employers who are similarly situated with respect to outlays by the BWC for their respective claimants in a given post-1986 assessment period. Employers who are required to reimburse current BWC lump sum benefits paid to DWRF claimants whose eligibility determination was delayed are concededly subjected to different expenditures for claims involving similar global benefits paid to the claimant. We refer again, however, to the Supreme Court's reliance on R.C.4123.411(C) as a funding mechanism. Changes in funding procedures will inevitably result in some variability of the burden imposed upon otherwise similarly situated employers, based upon various administrative delays, some inevitable and some not, in the determination process. As appellee points out, basing a realistic class distinction on the date of an administrative determination which is necessarily subject to delay in some cases is difficult. Under the present interpretation of the statute by the BWC, employers with similar responsibilities to the BWC are treated similarly, and we accordingly find no constitutional infirmity under such circumstances.
In accordance with the foregoing, we find that R.C.4123.411(C), as applied by the BWC, does not by its own language bar current assessment to appellants of DWRF benefits accrued by claimants prior to 1986, nor prior to the two-year limitation of R.C. 4123.52, nor for benefits accrued prior to a current six-month assessment period. We further find that R.C.4123.411(C), as applied by the BWC, is not unconstitutional on any of the grounds advanced by appellants. Appellants' assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas granting summary judgment for appellee is affirmed.
Judgment affirmed.
BRYANT and KENNEDY, JJ., concur.