CITY OF SPRINGDALE, APPELLANT, *v.* CSX RAILWAY CORPORATION, a.k.a. CSX TRANSPORTATION, APPELLEE.

[Cite as *Springdale v. CSX Ry. Corp.* (1994), 68 Ohio St.3d 371.]

(No. 92–2448—Submitted December 14, 1993—Decided March 2, 1994.)

374

*Wood & Lamping, David A. Caldwell* and *Mark R. Fitch,* for appellant.

*Lindhorst & Dreidame Co., L.P.A., James L. O'Connell* and *J. Stephen Cox,* for appellee.

WRIGHT, J. The issue in this case is whether the city of Springdale has the statutory authority to order CSX to install a rubberized railroad crossing on State Route 747 in Springdale. We hold that the city has no such authority and therefore affirm the decision of the court of appeals.

The city claims that R.C. 4955.20 confers upon it the authority to determine the "kind" of railroad crossing to be installed on Route 747. CSX argues that R.C. 4955.20 confers no such authority because R.C. 5561.16 "plac[es] ultimate responsibility for state highway crossing *design* upon the Director of Transportation." (Emphasis *sic.*) The city contends, however, that R.C. 5561.16 does not apply to state highways located within municipal corporations. We find that R.C. 5561.16

does apply to the state highway at issue in this case and that this statute negates the city's authority under R.C. 4955.20 to determine the kind of railroad crossing to be installed on a state highway.

R.C. 4955.20 describes a railroad's duties regarding crossings and a municipality's authority over crossings. It provides in relevant part:

"Companies operating a railroad in this state shall build and keep in repair good and sufficient crossings over * * * such railroad, its tracks, sidetracks, and switches, at all points where any public highway, street, lane, avenue, alley, road, or pike is intersected by such railroad, its tracks, sidetracks, or switches. * * * The board of township trustees *shall have power to fix and determine the kind and extent, and the time and manner of constructing, crossings* * * * outside of municipal corporations.

"The legislative authority of a municipal corporation may exercise the same powers as to crossings * * * within municipal corporations as such board exercises concerning crossings * * * outside of municipal corporations. Such crossings * * * shall be constructed, repaired, and maintained by the railroad companies as so ordered."

R.C. 5561.16 specifically addresses a railroad's duties regarding crossings that intersect state highways. It provides in relevant part:

"Any person, firm, or corporation operating a railroad for the transportation of passengers, freight, or express, crossing at grade any street or road, shall construct, reconstruct, improve, maintain, and repair that portion of the highway at such crossing and lying between the outside ends of the ties, and also that portion lying between the tracks, in the case of two or more tracks, and the cost and expense of this construction, reconstruction, improvement, maintenance, or repair shall be borne by said individual, firm, or corporation. Such construction, reconstruction, improvement, maintenance, or repair *shall be done in accordance with plans, profiles, and specifications first approved by the director of transportation, in case of state highways* or extensions thereof * * *."

R.C. 5561.16 does not distinguish between state highways located within municipalities and those located outside municipalities. We decline to create such a distinction and conclude that R.C. 5561.16 applies to all state highways regardless of their location. It therefore follows that R.C. 5561.16 applies to the crossing at issue here even though the crossing intersects a state highway—State Route 747—located within the city of Springdale.

We also find that R.C. 4955.20 and 5561.16 conflict with each other and that the conflict between them is irreconcilable, *i.e.*, they cannot be construed to give effect to both. A plain reading of R.C. 4955.20 reveals no limitations on the authority of a municipality to determine the kind of railroad crossing within its

borders. R.C. 5561.16, however, specifies that when work is to be done on a state highway, the Director of Transportation must approve the "plans, profiles, and specifications" of any construction done to "that portion of the highway at [the] crossing and lying between the outside ends of the ties * * *." The parties in this case concede that Route 747 is a state highway. As properly noted by the court of appeals, a city cannot on one hand have unrestricted authority to determine the kind of railroad crossing it wishes to have installed and on the other hand be required to have the construction plans for the crossing "first approved" by the Director of Transportation. Approval by the Director of Transportation is clearly a condition precedent to action by a municipality.

When two statutes are in irreconcilable conflict with each other, "[w]ell-established principles of statutory construction require that specific statutory provisions prevail over conflicting general statutes." *State v. Volpe* (1988), 38 Ohio St.3d 191, 193, 527 N.E.2d 818, 820. See, also, R.C. 1.51. R.C. 5561.16 is a specific statute because it specifically addresses the procedure that must be followed when repair or construction is done on railroad crossings on state highways. R.C. 4955.20 is a general statute because it speaks generally of railroad crossings without distinguishing between state highways and other roads.

The only exception to the rule set forth above occurs when " 'the general provision is the later provision *and the manifest intent [of the General Assembly] is that the general provision prevail.*' " (Emphasis added.) *State v. Chippendale* (1990), 52 Ohio St.3d 118, 121, 556 N.E.2d 1134, 1137, quoting R.C. 1.51. There was no showing of such "manifest intent" here. There is nothing in the current R.C. 4955.20 or its history to indicate that the General Assembly intended for R.C. 4955.20 to prevail over R.C. 5561.16.

Accordingly, we find in this case that the specific R.C. 5561.16 controls over the general R.C. 4955.20. Under R.C. 5561.16, the Director of Transportation must first approve the type of repairs made to railroad crossings intersecting state highways, including the type of crossings to be installed. This requirement is binding on the city of Springdale notwithstanding the grant of authority to municipalities in R.C. 4955.20. We therefore hold that the city of Springdale has no authority under R.C. 4955.20 to adopt an ordinance requiring CSX to install a particular type of railroad crossing on a state highway without first having the plans for the crossing approved by the Director of Transportation pursuant to R.C. 5561.16.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, J., dissents.