[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 258.]

THE STATE EX REL. KILBANE, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Kilbane v. Indus. Comm*., 2001-Ohio-34.]

*Workers' compensation—Court of appeals' judgment denying writ of mandamus*

*to invalidate the retroactive application of R.C. 4123.65 affirmed.*

(No. 99-1749—Submitted March 14, 2001—Decided April 11, 2001.)

APPEAL from the Court of Appeals for Franklin County, No. 98AP-1210.

_____

*Per Curiam.*

{¶ 1} Leatrice J. Kilbane, appellant, seeks a writ of mandamus directing appellee Industrial Commission of Ohio to vacate its order denying her motion for a settlement hearing and to grant her this request. The court of appeals denied the writ, holding that Kilbane was not entitled to a settlement hearing based either on the hearing provisions in former R.C. 4123.65 or the proscription in Section 28, Article II of the Ohio Constitution against retroactive laws. On Kilbane's appeal as of right, we affirm.

{¶ 2} Kilbane was diagnosed with an occupational disease in 1991 that resulted from her employment with appellee Ohio Department of Commerce, Division of Liquor Control, and her workers' compensation claim was allowed for "bilateral heel spurs." In 1997, she moved for a hearing on the issue of settling her claim, arguing that R.C. 4123.65 as it existed on the date of her injury applied.[1]

_____

1. In 1991, R.C. 4123.65 provided:

   "Before any final settlement is approved by the industrial commission, application therefor shall be made to the commission. Such application shall be signed by the claimant and shall clearly set forth the circumstances by reason of which the proposed settlement is deemed desirable and the nature of the controversy. Notice of the hearing of such application shall be given to the employee and his representative. Such application shall be heard by the members of the

The commission denied her motion mainly because the right to a hearing provided in the 1991 version of R.C. 4123.65 constituted merely a remedial right and, therefore, the General Assembly was free to forfeit that right retroactively.

{¶ 3} We agree. R.C. 4123.65 was amended in 1993 to remove the provision for Industrial Commission hearings on applications for settlement approval in State Fund claims. 145 Ohio Laws, Part II, 3173-3175. The statute also formerly allowed claimants to apply independently for the commission's approval, whereas it now requires the State Fund employer's signed assent to the application and a settlement agreement as a prerequisite.[2]

{¶ 4} Kilbane filed her motion for a settlement hearing long after the 1993 amendment took effect but nevertheless contends that it does not apply to her. She argues, in effect, that the laws in force on the date of her injury govern not only her right to workers' compensation, but also the procedural steps through which she pursues her right to that compensation. It is true that Kilbane's entitlement to workers' compensation, being a substantive right, is measured by the statutes in force on the date of her injury, *State ex rel. Brown v. Indus. Comm.* (1993), 68 Ohio

---

industrial commission or a majority thereof sitting en banc. No member may delegate his authority to hear and determine the matters raised by such application." 1953 H.B. No. 1.

2. R.C. 4123.65(A) now provides:

"A state fund employer or the employee of such an employer may file an application with the administrator of workers' compensation for approval of a final settlement of a claim under this chapter. The application shall include the settlement agreement, be signed by the claimant and employer, and clearly set forth the circumstances by reason of which the proposed settlement is deemed desirable and that the parties agree to the terms of the settlement agreement provided that the agreement need not be signed by the employer if the employer is no longer doing business in Ohio. If a state fund employer or an employee of such an employer has not filed an application for a final settlement under this division, the administrator may file an application on behalf of the employer or the employee, provided that the administrator gives notice of the filing to the employer and the employee and to the representative of record of the employer and of the employee immediately upon the filing. An application filed by the administrator shall contain all of the information and signatures required of an employer or an employee who files an application under this division. Every self-insuring employer that enters into a final settlement agreement with an employee shall mail, within seven days of executing the agreement, a copy of the agreement to the administrator and the employee's representative. The administrator shall place the agreement into the claimant's file."

St.3d 45, 46, 623 N.E.2d 55, 56; however, the same is not true for laws affecting only the enforcement of that right, *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 107-108, 522 N.E.2d 489, 496-497; and contrary to Kilbane's argument, R.C. 4123.65 is such a remedial law.

**{¶ 5}** The test for unconstitutional retroactivity requires first a determination as to whether the General Assembly expressly intended the statute to apply retroactively. R.C. 1.48; *Bielat v. Bielat* (2000), 87 Ohio St.3d 350, 353, 721 N.E.2d 28, 33; *Wean Inc. v. Indus. Comm.* (1990), 52 Ohio St.3d 266, 268, 557 N.E.2d 121, 123. If no such intent is found, the analysis stops there, and the statute is deemed to be prospective only. That express legislative intent for retroactivity is obvious here because uncodified law makes the 1993 amendment of R.C. 4123.65 applicable to all "pending" claims for compensation, with certain exceptions. Section 7 of Am. Sub.H.B. No. 107, 145 Ohio Laws, Part II, 3200. The amendment thus changed the way the commission reviews applications to settle claims and applies to causes of action, like Kilbane's, that arose prior to the effective date of the statute. Accord *Van Fossen,* 36 Ohio St.3d at 106, 522 N.E.2d at 496.

**{¶ 6}** When an express intent for retroactivity is found, the second part of the test for unconstitutional retroactivity requires a determination as to whether the law is substantive or merely remedial. The reason is that while Section 28, Article II of the Ohio Constitution denies to the General Assembly the power to pass retroactive laws, the prohibition "has reference only to laws which create and define substantive rights, and has no reference to remedial legislation." *State ex rel. Slaughter v. Indus. Comm*. (1937), 132 Ohio St. 537, 542, 8 O.O. 531, 534, 9 N.E.2d 505, 508. Remedial laws are those that substitute a new or different remedy for the enforcement of an accrued right, as compared to the right itself, *Bielat*, *supra*, 87 Ohio St.3d at 354, 721 N.E.2d at 34; *Van Fossen, supra*, 36 Ohio St.3d at 107-108, 522 N.E.2d at 497, and generally come in the form of "rules of practice,

courses of procedure, or methods of review." *Slaughter,* 132 Ohio St. 537, 8 O.O. 531, 9 N.E.2d 505*,* at paragraph three of the syllabus; *Van Fossen* at 108, 522 N.E.2d at 497.

**{¶ 7}** The settlement hearing provisions in former R.C. 4123.65 represent just such a course of procedure. They existed as part of the process by which Kilbane, upon qualifying for compensation, enforced her right to receive it. Consequently, those provisions were remedial in nature and may be changed or revoked by the legislature without offending the Constitution.

**{¶ 8}** The court of appeals' judgment denying a writ of mandamus to invalidate the retroactive application of R.C. 4123.65, therefore, is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Garson & Associates Co., L.P.A.,* and *David L. Meyerson,* for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee Industrial Commission.

*Lee M. Smith & Associates Co., L.P.A.*, and *Greta M. Kearns*, for appellee Division of Liquor Control.

_____