OPINION
On March 24, 1992, plaintiff, Alphonso Blanchard, sustained an industrial injury while employed by Allright Parking of Cleveland. His claim was subsequently allowed for the following conditions: "paraspinal strain, cervical and lumbar strain." In lieu of periodic payments, plaintiff pursued a lump sum settlement of his claim through negotiations with Allright Parking. The two reached an agreement, and filed a "Settlement Agreement and/or Application for Approval of Settlement Agreement" with the Bureau of Worker's Compensation ("Bureau") on May 28, 1996.
The Bureau denied the parties' application for approval on March 6, 1997. Thereafter, plaintiff requested a hearing pursuant to former R.C.4123.65. This application was also denied on the basis that R.C. 4123.65
was amended in 1993 to remove the provision for Industrial Commission hearings on applications for settlement approval in state fund claims. On June 10, 1997, plaintiff appealed the Bureau's denial of his hearing request to the Industrial Commission of Ohio ("Commission"). However, the Commission dismissed the appeal on the basis that there currently "is no statutory authority to conduct a settlement hearing and no right of appeal of a settlement determination pursuant to O.R.C. 4123.65."
On August 7, 1999, plaintiff brought an action in the Cuyahoga County Court of Common Pleas against James Conrad, Administrator of the Ohio Bureau of Workers' Compensation, seeking either a declaration that R.C.4123.65 is unconstitutional, or that the current version may not be "retroactively" applied to his claim. The defendant answered and moved for a change of venue, and on July 24, 2000, the Franklin County Court of Common Pleas rendered a decision explaining that the Bureau had properly applied the current version of R.C. 4123.65 to plaintiff's settlement request. Plaintiff now appeals raising the following three assignments of error:
 [1.] THE NEW VERSION OF O.R.C. § 4123.65 CREATES SUBSTANTIVE CHANGES IN THE LAW WHICH CANNOT BE APPLIED RETROACTIVELY. THEREFORE, THE FORMER VERSION OF O.R.C. § 4123.65 APPLIES IN THIS CASE.
 [2.] THE COURT ERRED WHEN IT HELD THAT O.R.C. § 4123.65 AS ENACTED IN H.B. 107 DOES NOT VIOLATE THE PLAINTIFF'S CONSTITUTIONAL RIGHT OF EQUAL PROTECTION AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND BY § 35, ARTICLE II
OF THE OHIO CONSTITUTION.
 [3.] A WORKERS' COMPENSATION CLAIMANT IS ENTITLED TO A HEARING UNDER THE DUE PROCESS CLAUSE CONDUCTED WITH GOOD FAITH AND FAIR DEALING.
In his first assignment of error, plaintiff contends the current version of R.C. 4123.65 created substantive changes in the law which may not be retroactively applied to his claim. However, in State ex rel. Kilbane v. Indus. Comm. (Mar. 12, 1999), Franklin App. No. 98AP-1210, unreported, affirmed State ex rel. Kilbane v. Indus. Comm. (2001),91 Ohio St.3d 258, we explained that the amendment to R.C. 4123.65 was remedial and therefore does not offend the proscription against retroactive laws. According to the Ohio Supreme Court:
 The settlement hearing provisions in former R.C. 4123.65
represent * * * a course of procedure. They existed as part of the process by which [a claimant], upon qualifying for compensation, enforced her right to receive it. Consequently, those provisions were remedial in nature and may be changed or revoked by the legislature without offending the Constitution. [Id. at 260.]
Accordingly, plaintiff's first assignment of error is overruled.
In his second assignment of error, plaintiff presents his claim that R.C. 4123.65 violates his constitutional right to equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution, and Section 35, Article II, of the Ohio Constitution. These constitutional provisions require similarly situated individuals to be treated in a similar manner. "In other words, laws are to operate equally upon persons who are identified in the same class." State ex rel. Patterson v. Indus. Comm. (1996), 77 Ohio St.3d 201, 204.
As succinctly explained by the trial court, in order to mount a successful equal protection challenge, plaintiff must show "that the [Industrial] Commission, for reasons unrelated to a legitimate state interest, is treating similarly situated claimants differently." State ex rel. Murray v. Indus. Comm. (1992), 63 Ohio St.3d 473, citing McGowan v. Maryland (1961), 366 U.S. 420, 81 S.Ct. 1101. However, the fact that an amended statute may treat those whose claims or liabilities arose before the amendment differently from those whose claims or liabilities arose after, does not state either an equal protection or due process claim. State ex rel. Lemmon v. Ohio Adult Parole (1997), 78 Ohio St.3d 186. "TheFourteenth Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time." Sperry Hutchinson Co. v. Rhodes (1911),220 U.S. 502, 505, 31 S.Ct. 490, 491.
As amended, R.C. 4123.65 applies equally to "all claims pending on the effective date of this section," and to every claimant who wishes to pursue a lump sum settlement. The fact that the procedures by which settlement of a claim is sought have changed from the former process does not mean that R.C. 4123.65 is applied in a constitutionally unequal manner. Kilbane, supra. Thus, plaintiff's second assignment of error is overruled.
In his third assignment of error, plaintiff argues that he is entitled to a hearing at which time the Bureau is required to act "with good faith and fair dealing." However, plaintiff has come forward with no authority which requires or guarantees plaintiff's "right" to an in personam hearing on this matter. Kilbane, supra. Plaintiff's third assignment of error is therefore overruled.
Having overruled all three of the plaintiff's assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.
 _____________________ PETREE, J.
BOWMAN and BROWN, JJ., concur.