**MARTIN et al., Appellees,**

v.

**OMNISOURCE CORPORATION, Appellant.**

2007-Ohio-3523.]

Court of Common Pleas,
Lucas County.

No. CI06–3979.

Decided June 15, 2007.

2

———

Megan E. Burke, for appellee Michael L. Martin.

D. Casey Talbott and Lynn Vuketich Luther, for appellant.

Marc Dann, Attorney General, and Carolyn S. Bowe, Assistant Attorney General, for appellee Bureau of Workers' Compensation.

LINDA J. JENNINGS, Judge.

{¶ 1} This case is before the court on defendant-appellant OmniSource Corporation's motion to strike plaintiff-appellee Michael Martin's notice of voluntary dismissal.

{¶ 2} Having reviewed the relevant pleadings, the supporting and opposing briefs (including Martin's surreply and OmniSource's response to the surreply) and the applicable law, the court denies OmniSource's motion for the reasons discussed below.

## ARGUMENTS

{¶ 3} OmniSource, which commenced this action by filing a notice of appeal from a staff order that allowed Martin's workers' compensation claim for additional conditions, acknowledges the Ohio Supreme Court's 1999 holding in *Kaiser v. Ameritemps, Inc.*,[1] that a workers' compensation claimant may voluntarily dismiss an employer-initiated appeal pursuant to Civ.R. 41(A)(1)(a) because the claimant is the plaintiff in the action.[2] OmniSource asserts, however, that R.C. 4123.512(D), as amended effective June 30, 2006, pursuant to 2005 Am.Sub.S.B. No. 7 ("S.B. 7"), prohibits Martin from dismissing his subsequently filed complaint without OmniSource's consent.[3] OmniSource bases its assertion that language in amended R.C. 4123.512(D) expressly renders it retroactively applicable to all claims pending on S.B. 7's effective date[4] on the Ohio Supreme Court's purported holding in *Morgan v. W. Elec. Co.*[5] According to OmniSource, *Morgan*, interpreting similar language in R.C. 4123.512's predecessor, R.C. 4123.519, held that such language expressly provided that the statute and all of

---

1. (1999), 84 Ohio St.3d 411, 704 N.E.2d 1212.

2. Id. at syllabus and 415–416, 704 N.E.2d 1212.

3. Amended R.C. 4123.512(D) provides, "[T]he claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal * * *."

4. Amended R.C. 4123.512(H)'s second to last paragraph states: "This section applies to all decisions of the commission or the administrator on November 2, 1959, and all claims filed thereafter are governed by sections 4123.511 and 4123.512 of the Revised Code."

5. (1982), 69 Ohio St.2d 278, 23 O.O.3d 271, 432 N.E.2d 157.

its amendments were to be applied to claims pending on the effective date of each amendment.

{¶ 4} OmniSource's final argument is that public policy militates against allowing a claimant to voluntarily dismiss the complaint and refile a year later pursuant to the saving statute because the claimant continues to receive workers' compensation benefits during the interim at the employer's expense. Thus, according to OmniSource, Martin's "delay tactic" prejudices it at no cost to himself.

{¶ 5} Martin counters that OmniSource's reading of *Morgan* is unfounded and insists that amended R.C. 4123.512(D) does not apply to his claim because no express legislative intent for its retroactive application appears in S.B. 7, which states that, except for the amendment to division (H), it applies only to claims arising on and after its effective date.[6]

{¶ 6} Martin relies heavily on R.C. 1.48, which provides, "A statute is presumed to be prospective in its operation unless expressly made retrospective." He also cites the two-pronged test for determining whether a statute is to apply retroactively as set forth in *Kilbane v. Indus. Comm.*[7] That test mandates that a statute be deemed to be prospective only absent a preliminary determination that the General Assembly expressly intended it to apply retroactively. If such an express intent for retroactivity is found, the second step is to determine whether the law is remedial, in which case it may be applied retroactively without violating constitutional principles, or substantive, in which case retroactive application is impermissible.[8] Otherwise, the analysis stops there, and the statute can only be applied prospectively, regardless of whether it is remedial or substantive.[9]

{¶ 7} Martin also relies on *State ex rel. Consolidation Coal Co. v. Indus. Comm.*[10] In that case, the Tenth District Court of Appeals cited Section 3 of S.B. 7 in support of its conclusion that the employer's contention that R.C. 4123.58(C)(1), as amended by S.B. 7, should be applied retrospectively.[11]

---

6. Section 3 of S.B. 7 states: "This act applies to all claims pursuant to Chapters 4121., 4123., 4127., and 4131. of the Revised Code arising on and after the effective date of this act, except that division (H) of section 4123.512 as amended by this act also applies to claims that are pending on the effective date of this act."

7. (2001), 91 Ohio St.3d 258, 744 N.E.2d 708.

8. Id. at 259–260, 744 N.E.2d 708

9. Id. at 259, 744 N.E.2d 708.

10. 10th Dist. No. 05AP–581, 2006-Ohio-3908, 2006 WL 2130725.

11. Id. at ¶ 7–9.

{¶ 8} Next, Martin asserts that OmniSource's policy argument fails to acknowledge that the claimant has the burden of proof, which entails a cost to the claimant even in employer-initiated appeals, and that an employer-initiated appeal may also be a "delay tactic" to avoid having a successful claim on its "record."

{¶ 9} Martin's final argument is that S.B. 7 is unconstitutional to the extent that its restrictions on his right to utilize Civ.R. 41 are contrary to the Ohio Supreme Court's intent, as expressed in *Kaiser*, and reflect the General Assembly's attempt to usurp the high court's constitutional authority.

{¶ 10} In reply, OmniSource argues that its requested application of amended R.C. 4123.512(D) is prospective because the amendment is a remedial law that provides a rule of practice or course of procedure, rendering it applicable to any proceedings conducted after its adoption. OmniSource cites *Morgan* in support of this argument.[12]

{¶ 11} OmniSource's next argument is that notwithstanding S.B. 7's conflicting uncodified language, the legislature's decision not to change the codified language that *Morgan* interpreted as expressly making all amendments to R.C. 4123.512 retrospectively applicable to all claims filed after November 2, 1959,[13] mandates retrospective application of amended R.C. 4123.512 regardless of the date of injury.

{¶ 12} OmniSource next insists that *Consolidation Coal* is inapposite because it dealt with the application of amendments to R.C. 4123.58, which, unlike R.C. 4123.512, does not include codified language providing for retroactive application.[14]

{¶ 13} In a footnote, OmniSource contends that Judge Dartt's decision in an unrelated matter, *Rohloff v. FedEx Ground*,[15] failed to address its "significant and dispositive argument" that *Morgan* interpreted R.C. 4123.412's codified language to mean that amendments would be applied to all claims filed after 1959.[16]

---

12. See *Morgan*, 69 Ohio St.2d at 282, 23 O.O.3d 271, 432 N.E.2d 157, quoting *State ex rel. Holdridge v. Indus. Comm.* (1967), 11 Ohio St.2d 175, 40 O.O.2d 162, 228 N.E.2d 621, paragraph one of the syllabus ("Laws of a remedial nature providing rules of practice, courses of procedure, or methods of review are applicable to any proceedings conducted after the adoption of such laws").

13. Id. at 282–283, 23 O.O.3d 271, 432 N.E.2d 157.

14. In any event, *Consolidation Coal* is not binding authority in the Sixth District.

15. (Apr. 24, 2007), Lucas C.P. No. CI06–3731.

16. A review of the pleadings in the *Rohloff* case reveals that FedEx asserted the argument, leading the court to conclude that Judge Dartt considered it but found it unpersuasive.

{¶ 14} OmniSource's final argument is that amended 4123.512(D) does not unconstitutionally affect Martin's rights because it does not conflict with Civ.R. 41(A)(1). Rather, according to OmniSource, the amendment clarifies the legislature's intent and the role of the parties in employer-initiated workers' compensation appeals by specifically providing that a claimant is not entitled to dismiss an employer's appeal.

{¶ 15} In his surreply, Martin maintains that *Morgan* does not stand for the proposition that every amendment to R.C. 4123.519 (now R.C. 4123.512) must be applied retroactively, and he reiterates his earlier arguments.

{¶ 16} In response, OmniSource posits that Martin's surreply adds nothing to the briefing already before the court and should not be considered.

## LAW, ANALYSIS, AND DECISION

1. **The Ohio General Assembly expressly intended for the 2006 amendment to R.C. 4123.512(D) to be applied prospectively**

{¶ 17} "The issue of whether a statute may constitutionally be applied retrospectively does not arise unless there has been a prior determination that the General Assembly specified that the statute so apply."[17] Pursuant to R.C. 1.48, "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." Thus, if no express intent for retroactivity is found, "the analysis stops there, and the statute is deemed to be prospective only."[18]

{¶ 18} The 2006 amendment to R.C. 4123.512(D), which eliminated the claimant's right to dismiss the complaint without the employer's consent if the employer filed the notice of appeal, is prospective because the General Assembly did not expressly make it retrospective.

{¶ 19} S.B. 7, as enacted by Ohio's 126th General Assembly, changed the workers' compensation law and the state minimum wage by amending R.C. 2913.48, 3121.034, 3121.037, 4111.02, 4121.10, 4121.12, 4121.44, 4121.441, 4123.01, 4123.29, 4123.32, 4123.35, 4123.512, 4123.52, 4123.54, 4123.56, 4123.57, 4123.58, 4123.61, 4123.65, 4123.88, 5703.21, and 5747.18, and enacting R.C. 3121.0311, 4121.131, 4121.444, 4123.271, and 4123.311.[19]

---

17. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph one of the syllabus.

18. *Kilbane v. Indus. Comm.* (2001), 91 Ohio St.3d 258, 259, 744 N.E.2d 708. See, also, *Kiser v. Coleman* (1986), 28 Ohio St.3d 259, 262, 28 OBR 337, 503 N.E.2d 753, cited in *Van Fossen*, 36 Ohio St.3d at 106, 522 N.E.2d 489.

19. S.B. 7 at Section 1.

{¶ 20} A cursory review of S.B. 7 reflects that it amended R.C. 4123.512 as follows: In the second paragraph of division (B), it inserted "of workers' compensation" and substituted "administrator" for "administrator of workers' compensation"; at the end of the second sentence in the second paragraph of division (D), it added the language "and provided that the claimant may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to court pursuant to this section"; in division (F), it substituted "forty-two" for "twenty-five"; and it inserted the second paragraph of division (H), which sets forth the procedure to be followed by a self-insuring employer electing to pay workers' compensation directly to an employee or an employee's dependents.

{¶ 21} The General Assembly expressly made S.B. 7's amendments to R.C. 4123.512(H) retrospective in operation by stating that "division (H) of section 4123.512 as amended by this act also applies to claims that are pending on the effective date of this act" but expressly made S.B. 7's enactments and other amendments, including those to R.C. 4123.512(D), prospective in operation by stating that "[t]his act applies to all claims pursuant to Chapters 4121., 4123., 4127., and 4131. of the Revised Code arising on and after the effective date of this act." [20] Thus, amended R.C. 4123.512(D) does not apply to Martin's claim, which indisputably arose prior to S.B. 7's effective date.

### 2. The Ohio Supreme Court's decision in the *Morgan* case is inapposite

{¶ 22} OmniSource's reliance on the Ohio Supreme Court's 1982 decision in *Morgan v. W. Elec. Co., Inc.*[21] for the proposition that language in amended R.C. 4123.512 commanding that the statute be applied to "all claims filed" after November 2, 1959,[22] evidences an express legislative intent to make R.C. 4123.512 and all its amendments retrospective [23] is misplaced, for several reasons.

---

20. Id.

21. 69 Ohio St.2d 278, 23 O.O.3d 271, 432 N.E.2d 157.

22. Similarly to the amended version of R.C. 4123.519 that was at issue in *Morgan,* the second to the last paragraph of codified R.C. 4123.512(H), as amended effective June 30, 2006, provides: "This section applies to all decisions of the commission or the administrator on November 2, 1959, and all claims filed thereafter are governed by sections 4123.511 and 4123.512 of the Revised Code."

23. *Morgan* held that the following paragraph in amended R.C. 4123.519 evidenced an express legislative intent to make the statute and all its amendments retrospective: "This section applies to all decisions of the commission, the administrator, or a Regional Board of Review on November 2, 1959, and all claims filed thereafter shall be governed by sections (sic) 4123.519 of the Revised Code." See *Morgan,* 69 Ohio St.2d at 283, 23 O.O.3d 271, 432 N.E.2d 157.

{¶ 23} First, the 1979 amendment at issue in *Morgan* created a general right of appeal for occupational-disease claims from the Industrial Commission to the common pleas court. Prior to the amendment, R.C. 4123.519 allowed for appeals only in injury cases.[24] Amended R.C. 4123.512(D), on the other hand, has no effect on a claimant's right of appeal and only eliminates the claimant's specific right to unilaterally dismiss his complaint in an employer-initiated appeal. The final rationale for the *Morgan* court's holding that "[a] party to a workers' compensation occupational disease claim, which accrued before January 1, 1979, may appeal a final order of the Industrial Commission to the Court of Common Pleas"[25] is that express language in the 1979 version of R.C. 4123.519 evidenced the legislative intent to make the statute and all its amendments retrospective.[26] However, *Morgan* effectively limited the rationale's applicability by adding that any result contrary to its holding "ignores this very intent by imposing an arbitrary cut-off date before which occupational disease claims cannot be appealed."[27]

{¶ 24} Second, *Morgan* does not reflect that the enacting legislation that amended R.C. 4123.512 to create a right of appeal for occupational-disease claims evidenced an express legislative intent for prospective application of the subject amendment, as it does here. In fact, *Morgan* makes no reference whatsoever to the enacting legislation.

{¶ 25} Third, *Morgan*'s analysis is wholly inconsistent with R.C. 1.48 and the Ohio Supreme Court's later pronouncements, in *Van Fossen*, to the effect that a statute may be applied only prospectively unless the General Assembly expressly intends that it be applied retrospectively.[28] *Morgan* begins its analysis by concluding, "The amendment to R.C. 4123.519, creating a right of appeal for occupational disease claims from the Industrial Commission to the common pleas court is remedial in nature. As such the amendment applies to cases pending on

---

24. As noted in *Morgan*, 69 Ohio St.2d at 279, 23 O.O.3d 271, 432 N.E.2d 157:
    Prior to the 1979 amendment, R.C. 4123.519 provided * * *: "The claimant or the employer may appeal a decision of the Industrial Commission in any injury case * * * to the court of common pleas * * *." As amended, R.C. 4123.519 provides * * *: "The claimant or the employer may appeal a decision of the Industrial Commission or of its staff hearing officer * * * in any injury *or occupational disease* case * * * to the court of common pleas * * *." (Emphasis sic.)

25. Id. at syllabus.

26. Id. at 283, 23 O.O.3d 271, 432 N.E.2d 157.

27. Id.

28. *Van Fossen*, 36 Ohio St.3d 100, 522 N.E.2d 489, at paragraphs one, two, and three of the syllabus.

or before its effective date of January 1, 1979." [29] *Morgan* also relies on the holding in *State ex rel. Holdridge v. Indus. Comm.*[30] that "[l]aws of a remedial nature providing rules of practice, courses of procedure, or methods of review are applicable to any proceedings conducted after the adoption of such laws," [31] which is also inconsistent with *Van Fossen*.

{¶ 26} In *Kilbane*, the Ohio Supreme Court held that the express legislative intent for retroactivity of the 1993 amendment to R.C. 4123.65 was "obvious" because uncodified law made the amendment applicable to all "pending" claims for compensation, with certain exceptions.[32] The amendment removed the provision for Industrial Commission hearings on applications for settlement approval in State Fund claims and changed the provision allowing claimants to apply independently for settlement approval to require the employer's signed assent to the application and a settlement agreement.[33] *Kilbane* concluded that the amendment changed the way the Industrial Commission reviewed applications to settle claims and applied to causes of action that arose prior to the amendment's effective date." [34] Here, uncodified law expressly made all of S.B. 7's enactments and amendments prospective in application, except for the amendments to R.C. 4123.512(D).

3. **Other applicable principles of statutory construction mandate giving effect to S.B. 7's uncodified and codified language and preclude applying the 2006 amendments to R.C. 4123.512(D) to claims that arose prior to June 30, 2006**

{¶ 27} As aptly summarized by the Ohio Supreme Court in another workers' compensation case, *Bailey v. Republic Engineered Steels, Inc.*:[35]

> The primary goal in statutory interpretation is to give effect to the intent of the legislature. In determining legislative intent, the court first looks to the language of the statute. In considering the statutory language, it is the duty of the court to give effect to the words used in a statute, not to delete words used

---

29. *Morgan*, 69 Ohio St.2d at 280, 23 O.O.3d 271, 432 N.E.2d 157.

30. 11 Ohio St.2d 175, 40 O.O.2d 162, 228 N.E.2d 621.

31. Id. at paragraph one of the syllabus.

32. *Kilbane*, 91 Ohio St.3d at 258, 744 N.E.2d 708, citing Section 7 of Am.Sub.H.B. No. 107, 145 Ohio Laws, Part II, 3200.

33. Id. at 258–259, 744 N.E.2d 708.

34. Id. at 259–260, 744 N.E.2d 708.

35. (2001), 91 Ohio St.3d 38, 741 N.E.2d 121.

or to insert words not used. If the meaning of the statute is unambiguous and definite, it must be applied as written.

    \* \* \*

Where the words of a statute are ambiguous, interpretation is necessary. Ambiguity exists if the language of the statute is susceptible of more than one reasonable interpretation.

In determining legislative intent when faced with an ambiguous statute, the court may consider several factors, including the object sought to be obtained, circumstances under which the statute was enacted, the legislative history, and the consequences of a particular construction.[36]

{¶ 28} And as noted in *Shrader v. Equitable Life Assur. Soc. of the United States*,[37] "[a] familiar principle of statutory construction \* \* \* is that a statute should not be construed to impair pre-existing law in the absence of an explicit legislative statement to the contrary."[38]

{¶ 29} Further, as noted in *State v. Volpe*,[39] "[w]ell-established principles of statutory construction require that specific statutory provisions prevail over conflicting general statutes." Relying on R.C. 1.51, which states that "[i]f a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both" and that "[i]f the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail," *Volpe* held: "Where there is no manifest legislative intent that a general provision of the Revised Code prevail over a special provision, the special provision takes precedence."[40]

{¶ 30} Finally, as noted by the Sixth District Court of Appeals:

[I]t is well settled that specific statutory provisions will be found to prevail over conflicting general statutes. *Springdale v. CSX Ry. Corp.* (1994), 68 Ohio St.3d 371, 376, 627 N.E.2d 534. In addition, it is a basic tenet of statutory construction that "the General Assembly is not presumed to do a vain or useless thing, and that when language is inserted in a statute it is inserted to

---

36. (Citations omitted.) Id. at 39–40, 741 N.E.2d 121.

37. (1985), 20 Ohio St.3d 41, 20 OBR 343, 485 N.E.2d 1031.

38. Id. at 44, 20 OBR 343, 485 N.E.2d 1031.

39. (1988), 38 Ohio St.3d 191, 527 N.E.2d 818.

40. Id. at paragraph one of the syllabus (approving and following *State v. Frost* (1979), 57 Ohio St.2d 121, 11 O.O.3d 294, 387 N.E.2d 235, paragraph one of the syllabus).

accomplish some definite purpose." *State ex rel. Cleveland Elec. Illum. Co. v. Euclid* (1959), 169 Ohio St. 476, 479, 8 O.O.2d 480, 159 N.E.2d 756.[41]

{¶ 31} With the above principles of statutory construction in mind, the court concludes that Section 3 of S.B. 7, which expressly states that only the amendment to R.C. 4123.512(H) applies retroactively to pending claims, is a specific provision that prevails over R.C. 4123.512(H)'s statement to the effect that R.C. 4123.512 applies to all claims filed after November 2, 1959, which is a general provision. Neither S.B. 7 nor the unamended second-to-the-last paragraph in R.C. 4123.512(H) expressly states the General Assembly's intent to apply the amendment to R.C. 4123.512(D) that eliminates the claimant's right to voluntarily dismiss when an employer initiates the appeal retroactively to pending claims. Thus, there is no manifest legislative intent that the general provision prevails over the specific provision.

{¶ 32} The court's construction of R.C. 4123.512, as amended by S.B. 7, gives effect to both the legislative intent as expressly stated in Section 3 of S.B. 7 and the unamended general provision in R.C. 4123.512(H) that OmniSource relies on. OmniSource's proposed construction, on the other hand, is strained at best and is wholly inconsistent with the above-stated principles, particularly because it presumes that the General Assembly had no purpose for including Section 3 in S.B. 7.

### 4. OmniSource's policy argument is without merit

{¶ 33} Like OmniSource, the employer in *Kaiser* argued that a voluntary dismissal under Civ.R. 41(A)(1)(a), unlike a dismissal under Civ.R. 41(A)(2), which requires court approval, unfairly burdens an employer because a claimant can dismiss his or her claim while continuing to receive benefits until the claimant files another petition. *Kaiser* rejected this argument, reasoning as follows:

R.C. 4123.512(H), which guarantees that if, in a final judicial action, it is determined that the payments of compensation or benefits or both paid to a claimant should not have been made, then the amounts paid are to be charged to the state's Surplus Fund. Likewise, if the employer is a state risk, the amounts will not be charged to the employer's experience, or in the event of a self-insured employer, the self-insured employer may deduct the amounts of compensation paid on its statutory reporting forms. Thus, the employer ultimately suffers no prejudice, as any illegitimate benefits paid during the interim between the original filing and the refiling of a voluntarily dismissed action are repaid if the employee's claim does not prevail.

---

41. *Lucas Cty. Aud. v. Ohio Bur. of Emp. Servs.* (1997), 122 Ohio App.3d 237, 246, 701 N.E.2d 703.

Furthermore, an employee cannot perpetually delay refiling after a voluntary dismissal because the saving statute, R.C. 2305.19, precludes claims refiled beyond a year from the time of the dismissal of the original complaint. If an employee does not refile his complaint within a year's time, he can no longer prove his entitlement to participate in the workers' compensation system. The voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal, which remains pending until the refiling of claimant's complaint.

Pursuant to *Robinson*,[42] a claimant is considered the plaintiff regardless of who brings the appeal under R.C. 4123.512 and can dismiss the complaint pursuant to Civ.R. 41(A)(2). Likewise, we believe in this case that a claimant, as the plaintiff, may also voluntarily dismiss his complaint under Civ.R. 41(A)(1)(a). It would be inconsistent to imply that a workers' compensation claimant is a plaintiff for purposes of Civ.R. 41(A)(2) but not a plaintiff under Civ.R. 41(A)(1)(a). As plaintiff, a claimant under R.C. 4123.512 should be afforded all of the rights provided to him or her by the Rules of Civil Procedure.[43]

{¶ 34} *Kaiser* also discussed the "unique process" for appeals in workers' compensation cases:

[R]egardless of whether the claimant or the employer appeals the decision of the Industrial Commission, it is the claimant's responsibility to file a petition showing a cause of action to participate or continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. "Thus, where an employer appeals an unfavorable administrative decision to the court the claimant must, in effect, re-establish his workers' compensation claim to the satisfaction of the common pleas court even though the claimant has previously satisfied a similar burden at the administrative level." *Zuljevic v. Midland–Ross Corp.* (1980), 62 Ohio St.2d 116, 118, 16 O.O.3d 140, 142, 403 N.E.2d 986, 988.

{¶ 35} In a 2006 case, *Fowee v. Wesley Hall, Inc.*,[44] the Ohio Supreme Court noted, "The primary concern in holding that the employee can dismiss the employer's appeal is the employee's ability to interminably prolong the proceedings."[45] In refusing to overturn the precedent in *Kaiser* and *Robinson, Fowee* reiterated much of the reasoning employed in those cases before holding:

---

**42.** *Robinson v. B.O.C. Group, Gen. Motors Corp.* (1998), 81 Ohio St.3d 361, 691 N.E.2d 667.

**43.** (Citations omitted.) *Kaiser*, 84 Ohio St.3d at 415–416, 704 N.E.2d 1212.

**44.** 108 Ohio St.3d 533, 2006-Ohio-1712, 844 N.E.2d 1193.

**45.** Id. at ¶ 9.

In an employer-initiated workers' compensation appeal pursuant to R.C. 4123.512, after the employee-claimant files the petition as required by R.C. 4123.512 and voluntarily dismisses it as allowed by Civ.R. 41(A), if the employee-claimant fails to refile within the year allowed by the saving statute, R.C. 2305.19, the employer is entitled to judgment on its appeal. (*Robinson v. B.O.C. Group, Gen. Motors Corp.* (1998), 81 Ohio St.3d 361, 691 N.E.2d 667, modified.) [46]

{¶ 36} *Fowee* continues:

Today's holding should come as no surprise. Our opinions have consistently held that the employee-claimant, despite having proven her claim before the Industrial Commission, continues to carry the burden of initially filing the petition and proving her cause of action in what is essentially a trial de novo. This remains true even when the employer seeks the appeal. As a result of the adjudication structure in these cases, some of the privileges of plaintiff status are conferred on the employee-claimant. This decision makes clear that with those privileges come some of the plaintiff's responsibilities as well.[47]

{¶ 37} From the above, the court concludes that allowing Martin's notice of voluntary dismissal to stand will not prejudice OmniSource. Under R.C. 4123.512(H), any benefits paid during the interim between Martin's original filing and the refiling of his voluntarily dismissed complaint will be repaid if his claim does not prevail. Further, Martin's notice of voluntary dismissal did not dismiss OmniSource's notice of appeal, which remains pending until Martin refiles his complaint.[48] Likewise, Martin cannot delay indefinitely because OmniSource will be entitled to judgment on its appeal if Martin fails to timely refile his complaint in accordance with the saving statute. Accordingly, OmniSource's policy argument is without merit.

## 5. It is not necessary for the court to address Martin's constitutional argument

{¶ 38} Having concluded that S.B. 7 expressly evidences the Ohio General Assembly's intent that amended R.C. 4123.512(D) be applied prospectively, and not retroactively, the court need not, and will not, decide whether amended R.C. 4123.512 is unconstitutional, as asserted by Martin.[49]

---

**46.** Id. at syllabus and ¶ 19.

**47.** (Citation omitted.) Id. at ¶ 22.

**48.** The court will reinstate OmniSource's notice of appeal, which was dismissed in error when Martin filed his notice of voluntary dismissal.

**49.** See *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, at ¶ 40, quoting *State ex rel. DeBrosse v. Cool* (1999), 87 Ohio St.3d 1, 7, 716 N.E.2d 1114 ("Courts decide constitutional issues only when absolutely necessary").

14

{¶ 39} The court opines, however, without deciding, that as long as a claimant must file a complaint and has the burden of establishing his or her right to participate, or to continue to participate, in Ohio's workers' compensation fund, even in cases where the claimant prevails at the administrative level and the employer perfects the appeal pursuant to R.C. 4123.512, it may be unconstitutional to deprive the claimant of the right to voluntarily dismiss the complaint without prejudice pursuant to Civ.R. 41(A)(1)(a), in accordance with the holding in *Kaiser v. Ameritemps*.[50]

{¶ 40} Further, pursuant to the Ohio Supreme Court's pronouncement in *Rockey v. 84 Lumber Co.*,[51] "[t]he Ohio Rules of Civil Procedure, which were promulgated by the Supreme Court pursuant to Section 5(B), Article IV of the Ohio Constitution, must control over subsequently enacted inconsistent statutes purporting to govern procedural matters."[52]

### ORDER

{¶ 41} It is ordered that defendant-appellant OmniSource Corporation's motion to strike, filed is denied.

{¶ 42} It is further ordered that the Clerk shall reactivate this case and shall reinstate defendant-appellant OmniSource Corporation's notice of appeal.

{¶ 43} It is further ordered that all further proceedings in this case are stayed pending the timely refiling of plaintiff-appellee's complaint.

So ordered.

---

**50.**  84 Ohio St.3d 411, 704 N.E.2d 1212. *Kaiser* held that "[a] workers' compensation claimant may employ Civ.R. 41(A)(1)(a) to voluntarily dismiss an appeal to the court of common pleas brought by an employer under R.C. 4123.512."

**51.**  (1993), 66 Ohio St.3d 221, 611 N.E.2d 789.

**52.**  Id. at paragraph two of the syllabus.